# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00624-CR

**John Harris, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. 9014185, HONORABLE JON N. WISSER, JUDGE PRESIDING

## O P I N I O N

Appellant John Harris appeals his conviction for delivery of a controlled substance, namely cocaine, in an amount of less than one gram in a drug free zone, a third degree felony. *See* Tex. Health & Safety Code Ann. '' 481.112(a), (b), 481.134(d)(1) (West Supp. 2003).[1] The jury found appellant guilty of a third degree felony. At the penalty stage of the trial, the trial court found that the allegations as to four prior felony convictions were true. The court assessed appellant=s punishment at twenty-five years= imprisonment, the minimum punishment under section 12.45(d). *See* Tex. Pen. Code Ann. ' 12.42(d) (West Supp. 2003).

---

[1] The current code section 481.112(a), (b) is cited for convenience. Appellant was prosecuted under Act of May 29, 1993, 73d Leg., R.S., ch. 900, ' 2.02, 1993 Tex. Gen. Laws 3586, 3705 (Tex. Health & Safety Code ' 481.112(a), (b), since amended).

## Points of Error

Appellant advances three points of error. First, appellant contends that his federal and state constitutional rights of due process were violated and that the trial court committed fundamental error when the "punishment issue of the commission of the offense within 1000 feet of a school zone" was submitted to the jury at the guilt/innocence stage of the trial. Second, appellant urges that at the guilt/innocence stage of the trial, his counsel was ineffective for failing to object to the admission of evidence that the offense was committed within a drug free zone. Third, appellant complains that "[i]n the alternative, section 48.134(d) is unconstitutionally vague as applied to Harris [appellant]." We will affirm the conviction.

## Facts

Appellant does not challenge the legal or factual sufficiency of the evidence to sustain the conviction. Appellant rested when the State did at the guilt/innocence stage of the trial. Suffice it to say, the record shows that Austin Police Officer Joseph Lorett, acting in an undercover capacity, purchased a rock of cocaine for $20 and there was an actual transfer of the cocaine from appellant to Lorett in downtown Austin on January 11, 2001. Other officers, both in uniform and mufti, observed the transaction. Appellant was arrested shortly thereafter and the previously photographed $20 was recovered from appellant. The chain of custody of the cocaine was established, and Glen Harrison, a chemist with the Austin Police Department, testified that a chemical analysis of the substance showed it to be cocaine in the amount of less than one gram. There was undisputed testimony at the guilt/innocence stage of the trial that the offense was committed within 868 feet of the St. David=s church school and day care center.

## Appellant=s Initial Argument

At the outset, appellant contends that the question of the location of the delivery of cocaineCin a drug free zoneCwas a punishment issue to be decided only at the penalty stage of the bifurcated trial and that the procedure utilized at his trial was all wrong, despite the lack of an objection. Appellant asserts that his conviction should have been for the primary offense of delivery of cocaine in an amount of less than one gramCa state jail felonyCunder section 481.112(a), (b) of the Health and Safety Code and punishable under section 12.35(a). Tex. Pen. Code Ann. ' 12.35(a), (b) (West 1994). Appellant urges that his conviction for the state jail felony should have remained a state jail felony conviction throughout the trial and that the punishment therefor could not have been enhanced under section 12.42(d) of the Penal Code, the habitual criminal statute, because it excludes state jail felonies from its application. A A >primary offense= is the criminal offense of which the defendant has most recently been convicted.@ 43 George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 38.121 (2d ed. West 2001) (hereinafter Dix). And conviction, not punishment, determines the proper enhancement. *Fite v. State*, 60 S.W.3d 314, 320 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).

Appellant recognizes the allegation that the delivery took place in a drug free zone, but contends that was a punishment issue for the trial court at the penalty stage of the trial. He argues that the trial court could have, based on the evidence, enhanced the punishment for his state jail felony conviction to that of a third degree felony. *See* Tex. Pen. Code Ann. ' 12.34 (West 1994). Appellant insists that the punishment for a state jail felony conviction could be enhanced but not the conviction itself. Appellant also contends that the punishment for the state jail felony conviction, having been enhanced once to the

**3**

punishment applicable to a third degree felony, could not be enhanced again. This argument would render impotent the allegations of the four prior convictions with regard to punishment under section 12.42(d).

**A Claim of Fundamental Error**

Appellant advances the argument that it was fundamental error to have determined the location of the delivery of the cocaine was in a drug free zone at the guilt/innocence stage of the trial; that such procedure improperly allowed the State to claim a conviction at the guilt/innocence stage for a third degree felony rather than a state jail felony, and then to enhance the punishment for a third degree felony conviction under section 12.42(d), the habitual criminal statute, by virtue of proof of four alleged prior felony convictions, to twenty-five years= imprisonment.

The State argues that the procedure followed in the instant case was proper. It points out that no objections were imposed by appellant to the matters now complained of for the first time on appeal, and no error is preserved for review. *See* Tex. R. App. 33.1(a). As a general rule, trial counsel must object to preserve error, even if it is Aincurable@ or Aunconstitutional.@ *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Without proper preservation, even constitutional error may be waived. *See Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000). If Rule 33.1(a)=s general requirement is unqualifiedCthat to preserve error matters must be raised in the trial courtCthen appellate courts have no authority thereunder to consider fundamental error. *See* 43A Dix ' 42.252.

In passing, appellant cites Rule 103(d) to support his claim of fundamental error. Tex. R. Evid. 103(d). The rule deals with evidentiary rulings. However, Rule 103(d) states: AIn a criminal case, nothing in these rules precludes taking notice of fundamental errors affecting substantial rights although they

were not brought to the attention of the court.@ Tex. R. Evid. 103(d).  Whether Rule 103(d) is limited to evidentiary matters or was designed to preserve preexisting fundamental case law is not clear.  *See* 43ADix ' 252.

Appellant makes no effort to show that Rule 103(d) is applicable to his particular claim of fundamental error.[2]  Moreover, appellant does not mention whether his fundamental error claim is supported

---

[2]  In *Blue v. State*, 41 S.W.3d 129, 131-33 (Tex. Crim. App. 2000), not cited by appellant, four judges concluded that Rule 103(d) was authority to treat some errors as fundamental.  The plurality held that the trial judge=s comments to the jury panel which Atainted@ the defendant=s presumption of innocence was fundamental error under Rule 103(d).  Judge Keasler concurred in the result because the comments violated the defendant=s Aabsolute right@ to an impartial judge.  Judge Keasler did not believe that Rule 103(d) was intended to authorize exceptions to Rule 33.1 and did

by fundamental error case law. *See Marin v. State*, 857 S.W.2d 275, 278-79 (Tex. Crim. App. 1993),

*overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). For there to

be fundamental error, there must first be error. We shall examine the record to determine if there is error.[3]

---

not apply to the error in *Blue* which was not subject to the rules of evidence. Judge Mansfield also concurred. The three dissenters agreed that Rule 103(d) had no applicability to the error involved and error was waived by failure to object to the comments. For a discussion of *Blue*, *see* 43A George E. Dix & Robert O. Dawson, *Texas Practice: Criminal Practice and Procedure* ' 62.252 (2d ed. West 2001); *Rahago v. State*, 75 S.W.3d 561, 563 (Tex. App.CSan Antonio 2002, pet. filed). Because there is majority opinion in *Blue*, it is not binding precedent. *Pearson v. State*, 994 S.W.2d 176, 177 n.3 (Tex. Crim. App. 1999); *Rahago*, 75 S.W.3d at 563. In *Oulare v. State*, 76 S.W.3d 231, 234 (Tex. App.CAmarillo 2002, no pet.) the court found that Athe scope of *Blue* is far from certain.@

[3] In his point of error and in his brief, appellant mentions error in submitting the drug free zone issue to the jury at the guilt/innocence stage of the trial. This would indicate that his claim of error was limited to jury charge error. Appellant, however, does not cite article 36.19 dealing with jury charge error. Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981). Appellant does not apply the standard for review of jury charge error when there is no objection. *See Jimenez v. State*, 32 S.W.3d 233, 236 (Tex. Crim. App. 2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim App. 1984) (op. on reh=g). It is clear that appellant has not briefed any limited claim to jury charge error and presents nothing for review in this regard. *See* Tex. R. App. P. 38.1(h). It is obvious that appellant=s

complaint is broader and not specifically concerned with jury charge error.

**Background and Procedure**

The prosecution was brought under the provisions of section 481.112(a), (b) at the time of

the offense and section 481.134(d)(1) of the Texas Health and Safety Code as earlier noted. *See* note one.

The then-applicable section 481.112(a), (b) provided:

(a)   Except as authorized by this chapter, a person commits an offense if the person knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

(b)   An offense under subsection (a) is a state jail felony if the amount of the controlled substance to which the offense applies is by aggregate weight, including adulterants or dilutants, less than one gram.[4]

Cocaine is listed in Penalty Group 1.   *See* Tex. Health & Safety Code Ann.

' 481.102(3)(D) (West Supp. 2003).

Section 481.134(d)(1) provides in pertinent part:

(d)   *an offense otherwise punishable under section 481.112(b) . . . is a felony of the third degree if it is shown in the trial of the offense* that the offense was committed:

(1)   in, on, or within 1000 feet of any real property that is owned, rented, or leased to a school or school board.

(Emphasis added).

---

[4] Act of May 29, 1993, 73d Leg., R.S., ch. 900, ' 2.02, 1993 Tex. Gen. Laws 3586, 3705 (Tex. Health & Safety Code ' 481.112(a), (b), since amended).

The only count in the indictment[5] provides in pertinent part that appellant on or about January 11, 2001:

did then and there intentionally and knowingly deliver, by actual and constructive transfer, to Joseph Lorett, a controlled substance, namely, cocaine, in an amount of less than one gram, by aggregate weight, including adulterants and dilutants.

And the Grand Jury further presents in and to said Court that John Harris committed the above offense within 1000 feet of premises owned by St. David=s Episcopal Church, a school, to wit: 304 East 7th Street, Austin, Travis County, Texas.[6]

There was no motion to set aside the indictment. During the voir dire examination of the jury panel, both parties discussed the third degree felony alleged. Veniremembers were interrogated about their views of the drug free zone law provisions. When the indictment alleging the primary offense was read to the jury, there was no objection. The drug free zone evidence was admitted without objection at the guilt/innocence stage of the trial. The trial court later charged the jury at the guilt/innocence stage that

---

[5] Enhancement of punishment allegations as to prior felony convictions are not Acounts@ of an indictment. *See Square v. State*, 167 S.W.2d 192, 193-94 (Tex. Crim. App. 1942); *see also Zaragosa v. State*, 588 S.W.2d 322, 323 n.3 (Tex. Crim. App. 1979); *Hathorne v. State*, 459 S.W.2d 826, 830 (Tex. Crim. App. 1970); *Pitts v. State*, 742 S.W.2d 420, 422 n.1 (Tex. App.CDallas 1987, no pet.).

[6] The fact that the indictment is set forth does not mean that this is the only way to allege the third degree felony offense.

appellant was Acharged by indictment with the offense of Delivery of a Controlled Substance in a Drug Free Zone.@ The application paragraphs of the jury instructions provided:

**IV.**

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 11th day of January A. D. 2001, in the County of Travis, and State of Texas, as alleged in the indictment, John Harris intentionally or knowingly deliver, by actual or constructive transfer, to Joseph Lorett, a controlled substance, namely, cocaine, in an amount of less than one gram, by aggregate weight, including any adulterants or dilutants, and said delivery was committed within 1,000 feet of a premise owned by St. David=s Episcopal Church, a school, to-wit: 304 East 7th Street, Austin, Travis County, Texas, you will find the defendant guilty of the offense of Delivery of a Controlled Substance in a Drug Free Zone and so say by your verdict, but if you do not so believe, or are unable to arrive at a verdict on this charge you should proceed to consider the charge in the following paragraph.

**V.**

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 11th day of January A. D. 2001, in the County of Travis, and State of Texas, as alleged in the indictment, John Harris intentionally or knowingly deliver, by actual or constructive transfer, to Joseph Lorett, a controlled substance, namely, cocaine, in an amount of less than one gram, by aggregate weight, including any adulterants or dilutants, you will find the defendant guilty of the offense of Delivery of a Controlled Substance and so say by your verdict, but if you do not so believe, or have a reasonable doubt thereof, you should say by your verdict not guilty.

It is clear that the trial court submitted the third degree felony offense to the jury in paragraph IV of the jury charge and the lesser included state jail felony in paragraph V. There was no objection to the court=s charge. After the jury=s verdict, the penalty stage of the proceedings was conducted before the trial court. Appellant made no election that the jury assess punishment. *See* Tex. Code Crim. Proc. Ann. art. 37.07, ' 2(b) (West Supp. 2003). The formal judgment reflects that appellant was

convicted of "Delivery of Cocaine in Drug Free Zone,". . . "a third degree felony." A motion for new trial based on the claim that the jury=s verdict was "contrary to the law and evidence" appears to have been overruled by operation of law.

### Interpretation of Statutes

In interpreting a statute, courts look to the literal text of the statute for its meaning and ordinarily give effect to that plain meaning, *unless* application of the statute=s plain language would lead to absurd consequences that the legislature could not possibly have intended, or the plain language is ambiguous. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see also State v. Webb*, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000).

Section 481.112(a) plainly creates an offense if a person delivers a controlled substance in Penalty Group 1. Subsection (b) provides that the offense is a state jail felony if the amount of controlled substance delivered is less than one gram. Section 481.134(d)(1) clearly provides that an offense, otherwise punishable under section 481.112(b) as a state jail felony, *is* a felony of the third degree felony if it is shown on trial that the offense was committed in a drug free zone in, on, or within 1000 feet of a school. The third degree felony under article 481.134(d)(1) contains an element that the state jail felony lacks under section 481.112(a), (b). These are two separate and distinct offenses. The plain language of the two statutes, read individually or together, does not lead to absurd consequences and the language is not ambiguous. *See Boykin*, 818 S.W.2d at 785. The plain meaning of the statutes is to be given effect. Section 481.134(d)(1) provides that the offense *is* a third degree felony if on trial the evidence shows delivery in a drug free zone. It does not provide that after conviction for a state jail felony the punishment

**11**

for that offense will be the same as for a third degree felony if certain conditions are present. The legislature could have said so in section 481.134(d)(1) if it had so intended. There is nothing to show that the legislature intended that the drug free zone issue under these statutes was to be decided by submission of an affirmative findings with the conviction remaining a state jail felony, or that the issue be decided by the same or a different trier of fact at different or separate proceedings.

If there is any confusion, it arises out of the fact that the statutes are subsections of different sections of Chapter 481 of the Health and Safety Code. The general provisions of section 481.112 and 481.134 are broad and varied. In *Young v. State*, 14 S.W.3d 748, 751-53 (Tex. Crim. App. 2000), the court discussed the evolution of section 481.134 and the 1995 amendments to section 481.134(b). The court concluded that:

> Subsections (c) through (f) remained untouched, however, indicating a continued intent to treat separately those offenses occurring within the drug-free zones surrounding schools or school property.

*Young*, 14 S.W.3d at 753. Section 481.134(d) is not governed by section 481.134(b) which uses the phrase Apunishment phase.@ Moreover, courts give effect to specific provisions over more general provisions of a statute. *See* Tex. Gov=t Code Ann. ' 311.026 (West 1998); *Campbell v. State*, 49 S.W.3d 874, 876 (Tex. Crim. App. 2001).

## Conclusion

We conclude that the indictment charged a third degree felony under sections 481.112(a), (b) and 481.134(d)(1) and that it was proper to submit to the jury all the elements of the offense at the

**12**

guilt/innocence stage of the trial including the delivery of cocaine within the specific drug free area. At the penalty stage of the trial, the jury having found appellant guilty of a third degree felony, the trial court was free to hear evidence about the four prior felony convictions and to assess the minimum punishment under section 12.42(d). Tex. Pen. Code Ann. ' 12.42(d) (West Supp. 2003) (habitual offenders). Appellant was not convicted of a state jail felony; his punishment was not assessed under section 12.35(a) for a state jail felony; and section 12.42(d) was not rendered inapplicable to the assessment of punishment in the instant case.

We have examined several cases dealing with delivery of cocaine in a drug free zone, *see, e.g.*, *Lovelady v. State*, 65 S.W.2d 810 (Tex. App.CBeaumont 2002, no pet.); *White v. State*, 59 S.W.3d 368 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d), and we have found none where the issue of the drug free zone was postponed until the penalty stage of the trial after a conviction for a state jail felony, as urged by appellant.

Appellant cites *Hastings v. State*, 20 S.W.3d 786 (Tex. App.CAmarillo 2000, pet. ref=d), which involved prosecution for delivery of cocaine in a school=s drug free zone under the provisions of section 481.112(c) (second degree felonyCone gram or more but less than four grams) and section 481.134(c) (punishment issue statute increasing second degree felony punishment by five years and doubling maximum fine). *See* Tex. Health & Safety Code Ann. ' ' 481.112(c), 481.134(c) (West Supp. 2003). These are different statutes than those involved in the instant case. The Amarillo court noted the phrase Aon the trial of the offense@ found in section 481.134(c) and determined that the State, in its unfettered

discretion, may prove the drug transaction occurred within 1000 feet of a school during either phase of the trial. *Hastings*, 20 S.W.3d at 790.

Appellant can find little comfort in *Hastings* because it can be said that the State exercised its discretion in the instant case by offering the drug free zone evidence at the guilt/innocence stage of the trial. Moreover, we do not necessarily agree with the Amarillo court that the legislature intended to allow the State to opt arbitrarily as to when it will present the evidence. Such practice would undermine the trial court=s control of the trial. The practice would vary from county to county and even from case to case in the same county or same court. *Hastings* does not support appellant=s argument. Further, *Hastings* overlooks the fact that all trials are not bifurcated trials.

The procedure suggested by appellant would be applicable only in those cases where there had been a proper bifurcation of the proceedings. The bifurcation statute [Tex. Code Crim. Proc. Ann. art. 37.07, ' 2(a) (West Supp. 2003)] is only applicable to Apleas of not guilty before a jury.@ *Barfield v. State*, 63 S.W.3d 446, 449 (Tex. Crim. App. 2001); *Morales v. State*, 416 S.W.2d 403, 405 (Tex. Crim. App. 1967); *see also Duhart v. State*, 668 S.W.2d 384, 386 n.3 (Tex. Crim. App. 1984). The statutory bifurcation provision would have no application to a trial before the court on a plea of not guilty. *Barfield*, 63 S.W.3d at 449-50; *Courtney v. State*, 424 S.W.2d 440, 443 (Tex. Crim. App. 1968). Other proceedings on pleas of guilty before the trial court or jury are also unitary trials. *See Frame v. State*, 615 S.W.2d 766, 767 n.1 (Tex. Crim. App. 1981); *Busaldua v. State*, 481 S.W.2d 851, 853 (Tex. Crim. App. 1982); *Darden v. State*, 430 S.W.2d 494, 495 (Tex. Crim. App. 1968); *see generally* 43 Dix ' 38.14 (discussing common practice). Statements in cases like *Luna*, 70 S.W.2d 354, 361 (Tex.

**14**

App.CCorpus Christi 2002, pet. ref=d) and *Hastings*, 20 S.W.3d at 790, that all criminal trials are bifurcated are incorrect and misleading.

The most striking blow to appellant=s contention and the holding in *Hastings* is *Apprendi v. New Jersey*, 530 U.S. 466 (2000), where the United States Supreme Court considered the constitutionality of the New Jersey hate-crimes statute. That statute allowed a jury to convict a defendant of a second degree offense based upon a finding, beyond a reasonable doubt, that he unlawfully possessed a prohibited weapon; after a subsequent separate proceeding, it then allowed a trial judge to impose punishment for a first degree offense based on the judge=s finding, by a preponderance of the evidence, that the defendant=s Apurpose@ for unlawfully possessing the weapon was Ato intimidate@ his victim on the basis of a particular characteristic that the victim possessed.

In holding the New Jersey statute violated due process, the United States Supreme Court stated:

> It is unconstitutional for a legislature to remove from the jury the assessment of facts [other than the fact of a prior conviction] that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.

*Id*. at 499; *see also In re Boyd*, 58 S.W.3d 134, 136 (Tex. Crim. App. 2001) (discussing *Apprendi*).

Thus, any interpretation of section 481.134(d)(1), as appellant would have it, that would remove from the jury the assessment of a factCwhether the offense of delivery of cocaine occurred in a drug free zone within 1000 feet of a schoolCthat would increase the prescribed range of penalties to which appellant was exposed, would be violative of due process and render the statute unconstitutional. Thus, the

**15**

trial court was correct in permitting evidence of the occurrence of the offense to be presented at the guilt/innocence stage of the trial and submitting the offenses to the jury in the court=s charge at that stage of the proceedings. Appellant=s claims to the contrary are without merit. There was no error in the trial court=s procedure. Without error, there is no fundamental error. The first point of error is overruled.

## Ineffective Assistance of Counsel

In his second point of error, appellant contends that Acounsel was ineffective for failing to object to the admission of evidence regarding the commission of the offense within a drug free zone at the guilt-innocence phase of the trial.@ Appellant limits his effective assistance claim to the admission of evidence.

The Sixth Amendment to the United States Constitution guarantees the right to the reasonable effective assistance of counsel in state criminal proceedings. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970); *see also Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). The standard for appellate review of the effective assistance of counsel, either retained or appointed, is the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984), adopted in Texas by *Hernandez v. State*, 726 S.W.2d 53, 53 (Tex. Crim. App. 1986). Under the *Strickland* standard, a convicted defendant must (1) show that his trial counsel=s performance was deficient in that counsel made such serious errors he was not functioning effectively as counsel, and (2) show that the deficient performance prejudiced the defendant to such a degree that the defendant was deprived of a fair trial. *Strickland*, 466 U.S. at 686-89; *Parmer v. State*, 38 S.W.3d 661, 665 (Tex. App.CAustin 2000, pet. ref=d); *Banks v. State*, 819 S.W.2d 676, 681 (Tex. App.CSan Antonio 1991, pet. ref=d). Unless a defendant makes both showings, it

cannot be said that the conviction resulted from a breakdown in the adversary process that renders the results unreliable. *Strickland*, 466 U.S. at 687; *Oestrick v. State*, 939 S.W.2d 232, 237 (Tex. App.CAustin 1997, pet. ref=d). Under *Strickland*, a defendant has the burden to prove a claim of ineffective assistance of counsel by a preponderance of evidence. *McFarland v. State*, 928 S.W.2d 482,500 (Tex. Crim. App. 1996); *Parmer*, 38 S.W.3d at 665.

The review of a claim of ineffective assistance of counsel is highly deferential. *Strickland*, 466 U.S. at 687; *Busby v. State*, 990 S.W.2d 263, 268 (Tex. Crim. App. 1999). Every effort must be made to eliminate the distorting effect of hindsight. *Strickland*, 466 U.S. at 689; *Kunkle v. State*, 852 S.W.2d 499, 502 (Tex. Crim. App. 1993); *Scott v. State*, 57 S.W.3d 476, 483 (Tex. App.CWaco 2001, pet. ref=d). A reviewing court must indulge a strong presumption that a trial counsel=s conduct falls within a wide range of reasonable representation. *McFarland*, 928 S.W.2d at 500. An ineffectiveness claim cannot be demonstrated by isolating one portion of counsel=s representation. *Parmer*, 38 S.W.2d at 666. Courts assay the totality of counsel=s representation rather than isolated acts or omissions. *Wilkerson*, 726 S.W.2d at 548; *Duvall v. State*, 59 S.W.3d 773, 779 (Tex. App.CAustin 2001, pet. ref=d). The *Strickland* standard has never been interpreted to mean that the accused is entitled to errorless or perfect counsel. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986). Moreover, the fact that another attorney might have pursued a different course of action at trial will not support a finding of ineffectiveness. *Nethary v. State*, 29 S.W.3d 178, 188 (Tex. App.CDallas 2000, pet. ref=d); *Banks*, 819 S.W.2d at 681.

**17**

In the first point of error, we rejected appellant=s claim that delivery of a controlled substance less than one gram *in a drug free zone* was a punishment issue only. It was proper for the prosecution to have introduced evidence of the drug free zone at the guilt/innocence stage of the trial. Appellant=s trial counsel cannot be faulted for failing to object to evidence that was properly admissible. Appellant has not sustained his burden of proof under *Strickland*. The second point of error is overruled.

**Constitutionality of Section 481.134(d)**

Appellant claims that A[i]n the alternative, section 481.134(d) is unconstitutionally vague as applied to Harris [appellant].@ He does not contend the statute is unconstitutional on its face.

In determining a statute=s constitutionality, we begin with a presumption of the statute=s validity. *See State v. Wofford*, 34 S.W.2d 671 (Tex. App.C Austin 2000, no pet.); *Ex parte Anderson*, 902 S.W.2d 695, 698 (Tex. App.C Austin 1995, pet. ref=d); *Skillern v. State*, 890 S.W.2d 849, 860 (Tex. App.C Austin 1994, pet. ref=d). We presume that the legislature did not act unreasonably or arbitrarily in enacting the statute and that it had due regard for constitutional requirements. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). It is the challenger=s burden to show that the statute is unconstitutional. *Anderson*, 902 S.W.2d at 698. The statute must be upheld if a reasonable construction can be ascertained which will render the statute constitutional and carry out the legislative intent. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979). Constitutional issues will not be decided upon a broader basis than the record requires. *State v. Garcia*, 823 S.W.2d 793, 799 (Tex. App.C San Antonio 1992, pet. ref=d).

**18**

Questions about the constitutionality of a statute upon which a defendant=s conviction is based should be addressed by the reviewing court on direct appeal, even when such issues are raised for the first time on appeal. *See Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Crim. App. 1987); *see also Holberg v. State*, 38 S.W.3d 137, 139 n.7 (Tex. Crim. App. 2000). However, a contention that a statute is unconstitutional *as applied to an accused* because of vagueness and uncertainty must be asserted in the trial court or it is waived. *See Curry v. State*, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995); *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994); *State v. West*, 20 S.W.3d 867, 873 (Tex. App.CDallas 2000, pet. ref=d); *Sullivan v. State*, 986 S.W.2d 708, 711 (Tex. App.CDallas 1999, no pet.). In *Bader v. State*, 15 S.W.3d 599, 603 (Tex. App.CAustin 2000, pet. ref=d), this Court explained that *Rabb* was applicable to *facial* constitutional challenge to a statute on appeal and why the Aas applied@ challenge called for a different rule.

In the instant case, there was no objection in the trial court to the constitutionality of section 481.134(d)(1) Aas applied@ to appellant. Thus, the point of error is not before this Court for review.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, Yeakel and Onion[*]

Affirmed

Filed:   February 13, 2003

Publish

\*   Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov=t Code Ann. ' 74.003(b) (West 1998).