NO. 07-03-0192-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 4, 2004

_____

RONNIE ROSS CRABTREE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,338-C; HON. PATRICK A. PIRTLE, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In two issues, appellant Ronnie Ross Crabtree appeals his conviction for indecency with a child. In those issues, he contends that 1) he was denied a fair and impartial hearing when the trial court held a unitary hearing on both guilt and punishment, and 2) the evidence was legally and factually insufficient to prove that he committed the crime in September of 1987. We affirm the judgment of the trial court.

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

## Issue One - Unitary Proceeding

In his first issue, appellant complains of the trial court holding one proceeding at which both guilt and punishment were determined. This purportedly resulted in his having "to defend himself against multiple allegations of sexual abuse when, in fact, he was accused of only one crime." The unitary proceeding allegedly violated his constitutional right to a fair and impartial trial. We overrule the issue.

Appellant pled not guilty to the charged offense and waived his right to a jury. At that time, the trial court announced to all that it "will not proceed in a bifurcated manner, but we'll proceed in a unitary trial with the State offering its testimony, the Defense being given an opportunity for a motion to direct verdict . . . then the State . . . gives punishment evidence." No one uttered an objection, and the trial court did as it represented.

To preserve a complaint for appellate review, the complainant must object to the purported error. TEX. R. APP. P. 33.1(a)(1)(A); *Saldano v. State,* 70 S.W.3d 873, 891 (Tex. Crim. App. 2002) (holding that failure to make an objection may waive constitutional error); *Nunez v. State,* 117 S.W.3d 309, 319 (Tex. App.--Corpus Christi 2003, no pet.) (holding that the failure to timely and specifically object at trial may waive even constitutional rights). Furthermore, the objection must be made as soon as the ground for same becomes apparent. *House v. State*, 909 S.W.2d 214, 216 (Tex. App.–Houston [14th Dist.] 1995), *aff'd*, 947 S.W.2d 251 (Tex. Crim. App. 1997). Appellant did not comply with these directives here. The trial court expressly informed the litigants of its intent to conduct a unitary proceeding, and no one complained at the time. Indeed, appellant waited until after he was convicted and sentenced to broach the issue, and he did so via a motion for new trial. But, that objection came too late. *See Lopez v. State,* 96 S.W.3d 406, 413-14 (Tex.

2

App.--Austin 2002, pet. ref'd) (holding that if a defendant is afforded an opportunity to object to the lack of a separate punishment hearing, a motion for new trial will not preserve error). So, appellant failed to preserve the purported error.

However, even if the objection had been preserved, we would remain obligated to overrule the issue. This is so because the contention made was rejected in *Barfield v. State,* 63 S.W.3d 446 (Tex. Crim. App. 2001). According to that case, the statute dealing with bifurcated trial applies only when trial is to a jury upon a plea of not guilty.[2] *Id.* at 449; *Harris v. State,* 125 S.W.3d 45, 52 (Tex. App.--Austin 2003, pet. dism'd, untimely filed). Trial was not to a jury here.

### Issue Two - Sufficiency of the Evidence

In his second issue, appellant argues that the evidence was legally and factually insufficient to show that he committed an offense in September of 1987. We overrule the issue.

The applicable standards of review are discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000), and *Johnson v. State*, 23 S.W.3d 1 (Tex. Crim. App. 2000). We refer the parties to those opinions.

Appellant argues that the only evidence that any offense was committed during September of 1987 was the uncorroborated testimony of the victim. The latter gave both

---

[2]Texas Code of Criminal Procedure art. 37.07 §2(a) provides that in all criminal cases other than misdemeanor cases over which the justice court or municipal court has jurisdiction, which are tried to a jury on a plea of not guilty, the judge shall first submit to the jury the issue of guilt or innocence of the defendant without authorizing the jury to pass upon the punishment to be imposed. TEX. CODE CRIM. PROC. ANN. art. 37.07 §2(a) (Vernon Supp. 2004)

3

a written statement and testified at trial that appellant molested her (*i.e.* touched her genitals and breasts and attempted to have her place her hand in his pants) four times during that month. This is some evidence upon which a rational jury could find beyond reasonable doubt that appellant did that with which he was charged.

That the child's testimony was purportedly uncorroborated did not render it deficient. At the time of the offense, a conviction could be obtained on the uncorroborated testimony of the victim if the victim disclosed the offense to someone other than the defendant within six months of the offense.[3] Act of May 26, 1983, 68th Leg., R.S., ch. 382 §1, 1983 Tex. Gen. Laws 2090. However, it was unnecessary that the victim inform another person if the victim was under the age of 14. *Id.; Scoggan v. State,* 799 S.W.2d 679, 682-83 (Tex. Crim. App. 1990). Because the complainant was only 12 at the time of the offense at bar, her testimony alone was competent to support conviction.

Nor does appellant's testimony wherein he denied molesting the child during September of 1987, overwhelm that offered by the child. At best it created a material question of fact for the trial court to resolve. Moreover, the reporter's record expressly illustrates that the trial court considered the credibility of both the victim and appellant and assessed the weight to be accorded their respective testimonies in making its determination. And, as discussed in *Johnson*, unless the record "clearly reveals a different result is appropriate," we must defer to the factfinder's credibility choices. *Johnson v.*

---

[3] At the time of trial, the statute provided that the conviction is supportable on the uncorroborated testimony of the victim if the victim informed any person, other than the defendant, within one year of the date on which the offense is alleged to have occurred with the requirement of informing another person not applying if the victim was 17 years of age or younger at the time of the alleged offense. TEX. CODE CRIM. PROC. ANN. art. 38.07(a)(b) (Vernon Supp. 2004).

4

*State*, 23 S.W.3d at 8.  The record does not so "clearly reveal [that] a different result is appropriate" here.

In sum, the verdict enjoys the support of both legally and factually sufficient evidence.  And, because we overrule both issues, we also affirm the judgment of the trial court.


Brian Quinn
Justice

Do not publish.