# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-16-00065-CV

**P. R. M., Appellant**

v.

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
### NO. 42,519, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

P.R.M. appeals from the trial court's order granting the plea to the jurisdiction filed by the Texas Department of Family and Protective Services in P.R.M.'s suit requesting managing conservatorship of her two minor grandchildren, E.K. and S.K.[1]  In two issues, P.R.M. contends that the trial court erred in granting the Department's plea to the jurisdiction.  We will affirm the trial court's order.

## BACKGROUND

The Department previously brought suit to terminate the parental rights of K.K. and D.K., the children's parents, and placed the children in a foster home.  On March 20, 2015, the trial court in that proceeding held a termination hearing and made an oral pronouncement terminating

---

[1]  To protect the privacy of the parties, we refer to the children, their parents, and their grandmother by their initials.  *See* Tex. Fam. Code § 109.002(d).

the parental rights of K.K. and D.K. On May 1, 2015, the court signed an order stating that the court was terminating the parental rights of K.K. and D.K. and appointing the Department permanent managing conservator of the children.

On July 16, 2015, P.R.M. filed a petition requesting managing conservatorship of the children. The petition alleges that P.R.M. has standing to bring this suit on two grounds. First, P.R.M. alleges that the children's present circumstances would significantly impair their physical health or emotional development. *See* Tex. Fam. Code § 102.004(a)(1) ("[A] grandparent . . . may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that: (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development . . . ."). Second, P.R.M. alleges that both of the children's parents consented to P.R.M.'s suit prior to having their parental rights terminated. *See id.* § 102.004(a)(2) ("[A] grandparent . . . may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that: (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit.").

The Department filed a plea to the jurisdiction, and the trial court held a hearing on the plea. The Department argued that P.R.M. lacks standing to bring this suit because: (1) she filed suit more than 90 days after the trial court terminated the parents' rights, *see id.* § 102.006(c) (providing that grandparent may not file suit requesting managing conservatorship after parental rights have been terminated unless grandparent files suit within 90 days of termination); (2) she failed to provide satisfactory proof that the children's present circumstances would significantly

2

impair their health or emotional development, *see id.* § 102.004(a)(1); and (3) she failed to provide satisfactory proof that both parents consented to her suit, *see id.* § 102.004(a)(2). After holding a hearing, the trial court granted the Department's plea to the jurisdiction and dismissed P.R.M.'s suit. This appeal followed.[2]

## DISCUSSION

In her first issue, P.R.M. contends that the trial court erred in concluding that she failed to establish standing under Texas Family Code section 102.004(a)(1).[3]

The Texas Family Code grants standing to grandparents to file suit requesting managing conservatorship of children when specified conditions are met. *See id.* § 102.004. To establish standing, there must be "satisfactory proof to the court" that one of the following is true: "(1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development; or (2) both parents, the surviving parent, or the managing conservator or custodian either filed the petition or consented to the suit." *Id.* § 102.004(a). However, the statute also provides that a grandparent may not file such a suit after "the parent-child relationship between the child and every living parent of the child has been terminated," *see id.* § 102.006(a)(3), unless the grandparent files suit within 90 days of the date that the parents' rights were terminated. *See id.* § 102.006(c). Therefore, in reviewing whether the

---

[2] The trial court's subject-matter jurisdiction may be challenged through a plea to the jurisdiction. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law we review de novo. *Miranda*, 133 S.W.3d at 226.

[3] On appeal, P.R.M. does not challenge the trial court's conclusion that she failed to establish standing under section 102.004(a)(2).

Family Code grants P.R.M. standing to bring this suit requesting managing conservatorship of E.K. and S.K., we must first decide whether P.R.M. filed suit within 90 days of the date the parents' rights were terminated.

The record before us includes a written order from the trial court purportedly terminating the parents' rights that was signed on May 1, 2015. P.R.M. filed suit on July 16, 2015, less than 90 days later. Nevertheless, the Department argues that P.R.M.'s suit was untimely because the trial court actually terminated the parents' rights on March 20, 2015 (more than 90 days before July 16), when it announced in open court that it was terminating the parents' rights. According to the Department, this oral pronouncement was the effective date of termination, and the written order merely memorialized the trial court's previously rendered decision.

The trial court in this suit agreed with the Department and made the following findings of fact: (1) "On March 20, 2015, this Court held a final hearing and entered a final order terminating the rights of parents [K.K.] and [D.K.] with regard to the children E.K. and S.K., while appointing the Department as permanent managing conservator of the children."; and (2) "On May 1, 2015, this Court signed a written judgment memorializing the orders issued at the final hearing March 20, 2015." P.R.M. has not directly challenged these findings on appeal. Therefore, we will take the court's findings as true if they are supported by the record. *See Tenaska Energy, Inc. v. Ponderosa Pine Energy, LLC*, 437 S.W.3d 518, 523 (Tex. 2014) ("We defer to unchallenged findings of fact that are supported by some evidence."); *Wiese v. AlBakry*, No. 03-14-00799-CV, 2016 WL 3136874, at *3 (Tex. App.—Austin June 1, 2016, no. pet. h.) (mem. op.) ("Unchallenged findings of fact are binding on an appellate court unless the contrary is established as a matter of law or there is no evidence to support the finding.").

4

The record before us contains an affidavit of a representative of the Department that avers the following: "The Department was thereafter appointed the children's permanent managing conservator on or about March 20, 2015, with the exclusive right to designate the children's primary residence." Moreover, although the reporter's record of the March 20 termination hearing is not in the record in this appeal, it was a part of the record before this Court in D.K.'s appeal of the termination order. *See D. K. v. Texas Dep't of Family & Protective Servs.*, No. 03-15-000257-CV, 2015 WL 4999014 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.). We may take judicial notice of our own records. *See* Tex. R. Evid. 201(c)(1), (d); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 385 n.1 (Tex. App.—Austin 2010, pet. denied) (taking judicial notice of order included in record of related appeal). Accordingly, we take judicial notice of the reporter's record of the March 20 termination hearing contained in the record of appellate cause number 03-15-000257-CV. At the conclusion of that hearing, the trial court announced the following:

> And the Court's going to find by clear and convincing evidence, it's in the best interest of the children of this case, [E.K. and S.K.], that the parent/child relationship, which exists between the children and their mother is to be and is here by [sic] terminated.
>
> ***
>
> The Court's further going to find by clear and convincing evidence that the parent/child relationship which exists between [E.K. and S.K.] and their father is hereby terminated.
>
> The department is appointed the permanent managing conservator.

When a trial court announces in open court that a parent's rights are terminated, the termination is effective immediately, and the written order signed later by the trial court merely

memorializes the termination. *See* Tex. Fam. Code § 101.026 ("'Render' means the pronouncement by a judge of the court's ruling on a matter. *The pronouncement may be made orally in the presence of the court reporter* or in writing, including on the court's docket sheet or by a separate written instrument.") (emphasis added); *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009) ("We agree that the trial court rendered a final order on July 10 when it orally pronounced the termination of K.W.'s parental rights."); *In Interest of E.G.*, No. 14-14-00967-CV, 2016 WL 1128137, at *2 (Tex. App.—Houston [14th Dist.] Mar. 22, 2016, no pet.) (mem. op.) ("A trial court's oral pronouncement of its decision terminating a parent-child relationship constitutes the rendition of a final judgment. In the case of an oral rendition, the judgment is effective immediately, and the signing and entry of the judgment are only ministerial acts.") (citations omitted). We conclude that the trial court's use of the present tense, "is hereby terminated," shows an intent to terminate K.K.'s and D.K.'s parental rights immediately. Therefore, we conclude that the trial court rendered judgment terminating K.K.'s and D.K.'s parental rights at the March 20 hearing.

Given the trial court's unchallenged finding in this case that the parents' rights were terminated on March 20, the Department's affidavit that it was appointed the permanent managing conservator on or about March 20, and the reporter's record showing that the trial court terminated the parents' rights on March 20, we conclude that the parents' rights were terminated on March 20, 2015. Therefore, because P.R.M. did not file her petition within 90 days of that date, the Family Code deprives her of standing to bring this suit. *See* Tex. Fam. Code § 102.006(a), (c). Accordingly, we conclude that the trial court did not err in granting the Department's plea to the jurisdiction, and we overrule P.R.M.'s first issue.

6

In her second issue, P.R.M. asserts a "due process liberty interest in the care, custody, and control of [her] grandchildren" and challenges the constitutionality of portions of the Texas Family Code. However, P.R.M. has not preserved these arguments because she failed to present them to the trial court. *See* Tex. R. App. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) ("Both we and the United States Supreme Court have held that constitutional error was waived in comparable circumstances . . . . Accordingly, we hold that the due process argument Duenas raises here was not preserved below."); *In re Rocher*, No. 14-15-00462-CV, 2016 WL 4131626, at *2 (Tex. App.—Houston [14th Dist.] Aug. 2, 2016, no. pet. h.) (mem. op.) (holding appellant waived constitutional complaint); *Middleton v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-03-00766-CV, 2005 WL 1115957, at *11 (Tex. App.—Austin May 12, 2005, pet. denied) (mem. op.) ("'Without proper preservation, even constitutional error may be waived.'") (quoting *Harris v. State*, 125 S.W.3d 45, 48 (Tex. App.—Austin 2003, pet. ref'd, untimely filed)). Accordingly, we overrule P.R.M.'s second issue.[4]

## CONCLUSION

We affirm the trial court's order granting the Department's plea to the jurisdiction.

---

[4] In her appellate brief, P.R.M. cites *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) for the proposition that "A due process claim can be raised for the first time on appeal." We conclude that *Briggs* offers no support for that proposition. To the contrary, the court in *Briggs* held "that in failing to object at trial, appellant waived any claim that admission of the videotape violated his rights to confrontation and due process/due course of law." *Id.*

7

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   August 26, 2016