**Opinion filed September 28, 2018**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00270-CR

_____

### DAVID LEE RANDLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24159**

### M E M O R A N D U M   O P I N I O N

The jury convicted David Lee Randle of delivery of a controlled substance of less than twenty-eight grams in a drug-free zone.[1] The jury found the habitual offender enhancement to be "true" and assessed punishment at confinement for twenty-five years in the Institutional Division of the Texas Department of Criminal Justice. Appellant presents five issues on appeal. Appellant contends that (1) the trial court erred by denying Appellant's motion to quash the indictment, (2) the

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.114(b), .134(d) (West 2017).

evidence is insufficient to support the drug-free zone enhancement, (3) the evidence is insufficient to support the habitual offender enhancement, (4) the trial court erred by not considering the merits on Appellant's motion for new trial, and (5) the evidence is insufficient to connect Appellant with the commission of the offense. We affirm.

*Background Facts*

Appellant asked Nora Crawford, a confidential informant, if she knew anyone looking to purchase hydrocodone pills. Crawford contacted Detective Aaron Taylor, and they agreed to conduct a controlled buy of five hydrocodone pills from Appellant for $30. Crawford told Appellant that she wanted to purchase five pills, and Appellant told her to come to his residence—912 West Anderson Street—to purchase the pills. Detective Taylor arranged a meeting with Crawford, confirmed the details of the controlled buy, searched Crawford and her vehicle, equipped her with video and audio recording devices, and issued her money to purchase the hydrocodone pills. Crawford proceeded to Appellant's residence and purchased the pills. Detective Taylor did not follow her to observe the controlled buy because he was well known in the area and did not want to jeopardize the investigation. After Crawford completed the purchase, she met with Detective Taylor and gave him the pills. Detective Taylor returned to the police department and submitted the pills into evidence.

*Analysis*

In his first issue on appeal, Appellant contends that the trial court erred by denying Appellant's motion to quash the indictment. Appellant asserts that the indictment failed to provide adequate notice because it did not specify whether the State planned to enhance the offense under subsection (b) or subsection (d) of the drug-free zone statute. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134(b), (d)

2

(West 2017).[2]  Appellant, however, did not preserve this complaint for review because he did not raise it in a timely manner.  The record shows that, the day after trial commenced and after the jury had been sworn, Appellant made an oral motion to quash the indictment.  The Code of Criminal Procedure provides:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding.

TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).

Moreover, the indictment in this case alleged facts that were sufficient to give Appellant adequate notice of the particular offense charged.  *See id.* art. 21.11 (West 2009).  The indictment tracked the language of the statute and charged that Appellant "knowingly deliver[ed], by actual or constructive transfer, to Nora Crawford, a controlled substance, namely, a material, compound, mixture, or preparation in an amount of less than 28 grams, that contained not more than 300 milligrams per 100 milliliters of Dihydrocodeinone."  *See* HEALTH & SAFETY §§ 481.104(a)(4), .114(a), (b).  The indictment in this case also indicated that the offense being charged was a "3rd Degree Felony" and that the offense occurred "in, on, or within 1000 feet of a playground."  *See id.* § 481.134(d).  In addition, the State gave notice of its intent to enhance Appellant's punishment pursuant to Section 12.42 of the Penal Code.  *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).  We overrule Appellant's first issue on appeal.

In his second issue on appeal, Appellant challenges the sufficiency of the evidence to establish that he committed the offense in a drug-free zone.  Specifically,

---

[2]We note that, under Section 481.134(b), a defendant is convicted of a state jail felony but is punished as if he had been convicted of a third-degree felony.  *Id.* § 481.134(b).  Whereas, under Section 481.134(d), the conviction itself is for a third-degree felony.  *Id.* § 481.134(d).

Appellant contends that the State failed to prove that the offense occurred at 912 West Anderson Street; that the offense took place in, on, or within 1,000 feet of a playground; and that Appellant knew he was in a drug-free zone at the time of the offense. Appellant contends that, because the evidence was insufficient to support the drug-free zone enhancement, the jury assessed punishment outside the statutory range. We disagree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

First, Appellant contends that the State did not prove beyond a reasonable doubt that the offense occurred at 912 West Anderson Street because the only evidence presented by the State, Detective Taylor's testimony, was not credible.

Appellant asserts that Detective Taylor did not have personal knowledge of where the controlled buy took place.

Detective Taylor testified that Appellant requested that Crawford purchase the pills at Appellant's residence, 912 West Anderson Street. Detective Taylor did not follow Crawford to observe the controlled buy because he was well-known in the area and did not want to jeopardize the investigation, but he drove to the location a few days after the offense occurred. He also testified that he was personally familiar with that address and location. The video recording of the controlled buy corroborates Detective Taylor's testimony. The jurors were able to see the street sign, West Anderson Street, and the street number affixed to the side of the house. Considering this evidence in the light most favorable to the verdict, a rational juror could have found beyond a reasonable doubt that the offense occurred at 912 West Anderson Street.

Second, Appellant contends that the State failed to prove beyond a reasonable doubt that the offense took place in, on, or within 1,000 feet of Cecil Holman Park at the address specified for the park and that the State did not prove that the playground was open to the public. Appellant asserts that the address of the park is not 507 Cordell Street, as alleged in the indictment and as Detective Taylor testified. Detective Taylor testified that the park was located at 507 Cordell Street and that he was personally familiar with that location. Appellant argues that the Google maps attached to Appellant's motion for new trial disprove the testimony regarding the location of the park. Detective Taylor testified that he personally measured the distance from 912 West Anderson Street to the park property, which was eighty-four feet. He also testified that he measured the distance from 912 West Anderson Street to the playground equipment taking a circuitous route, which was 738 feet.

Third, Appellant asserts that the playground in the park was not shown to be a playground pursuant to Section 481.134 because the State failed to show that the

playground was open to the public. *See* HEALTH & SAFETY § 481.134(a)(3). However, Detective Taylor testified that the entire park was open to the public, and he described the park as a "typical public park." Detective Taylor also testified that children often played in Cecil Holman Park and that the park was very commonly used for community events.

Pursuant to Section 481.134(a)(3), a playground is any outdoor facility that is not on the premises of a school, that is intended for recreation, that is open to the public, and that contains three or more play stations intended for the recreation of children, such as slides, swing sets, and teeterboards. *Id.* Considering Detective Taylor's testimony in the light most favorable to the verdict, a rational juror could have found that the playground was open to the public.

Considering the evidence that was admitted at trial in the light most favorable to the verdict, a rational jury could have found Detective Taylor's testimony to be credible and found beyond a reasonable doubt that the park was located at 507 Cordell Street. A rational jury could also have found beyond a reasonable doubt that the offense occurred within 1,000 feet of a playground. Contrary to Appellant's assertions, the State did present evidence that the measurements were taken from 507 Cordell Street to 912 West Anderson Street to determine if the residence was within 1,000 feet of a playground. Detective Taylor testified that he measured the distance from 912 West Anderson Street to 507 Cordell Street and to the playground.

Fourth, Appellant contends that the drug-free zone enhancement is a separate and distinct offense that requires a separate *mens rea* or, in the alternative, that this statute is unconstitutional because a culpable mental state is required for separate and distinct offenses. Appellant cites *Harris v. State*, 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd), to support his argument. The Court of Criminal Appeals has, however, specifically rejected the court's reasoning in *Harris*. *See White v. State*, 509 S.W.3d 307, 311 n.6 (Tex. Crim. App. 2017). In *White*, the court

6

held that the drug-free zone enhancement does not constitute a separate and distinct offense requiring an additional culpable mental state with respect to a drug-free zone enhancement and that the State need not prove that the defendant was aware that the transaction occurred in a drug-free zone. *Id.* at 310–11, 315. We overrule Appellant's second issue.

In his third issue, Appellant challenges the sufficiency of the evidence to establish the habitual offender enhancement. Specifically, Appellant contends that the State failed to prove the proper sequence of his prior convictions. We disagree.

To enhance a defendant's punishment as a habitual felony offender under Section 12.42(d) of the Penal Code, the State must prove beyond a reasonable doubt that the defendant has two prior felony convictions and that the first prior conviction became final before the defendant committed the second prior offense. *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008). The State must also show that the second prior conviction became final before the defendant committed the current offense. *Id.*

Appellant asserts that the State failed to prove that the second alleged conviction, which was for unlawful possession of a firearm by a felon, was committed after the first alleged conviction, which was for robbery, became final. The State introduced a certified copy of the judgment and the order revoking probation for the robbery conviction; these reflect that Appellant was finally convicted of robbery on February 12, 1981. Detective Robert David Ramirez testified that Appellant committed the offense of unlawful possession of a firearm by a felon on September 3, 1991, and the State introduced a certified copy of the judgment, which reflects that Appellant's conviction became final on February 10, 1992. The evidence showed that Appellant committed the instant offense on July 29, 2015. We reject Appellant's contention that the State failed to prove the proper

chronological sequence of his prior convictions for purposes of the habitual offender enhancement.

Throughout his brief, Appellant argues that the punishment assessed against him was excessive for a state jail felony conviction. Appellant, however, was not convicted of a state jail felony. The jury convicted Appellant of the third-degree felony offense of delivery of a controlled substance of less than twenty-eight grams in a drug-free zone, enhanced by a habitual offender allegation. *See* HEALTH & SAFETY § 481.134(d); PENAL § 12.42(d). The range of punishment for an offense enhanced by a habitual offender allegation is twenty-five years to ninety-nine years or life. PENAL § 12.42(d). The jury assessed Appellant's punishment at twenty-five years, the minimum available under the circumstances. We overrule Appellant's third issue.

In his fourth issue, Appellant contends that the trial court erred by not considering the merits of Appellant's motion for new trial. Appellant alleges that the trial court denied the motion for new trial on the grounds that Appellant did not object during trial to the incorrect address of the park. We disagree.

We review a trial court's denial of a motion for new trial under an abuse of discretion standard. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013); *McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012). A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *McQuarrie*, 380 S.W.3d at 150. The trial court held a hearing on the motion for new trial and reviewed the motion and the attachments to the motion. At the hearing, the trial court considered each of Appellant's contentions and then denied the motion for new trial. Thus, the record does not indicate that the trial court failed to consider the merits of Appellant's motion for new trial or that the trial court abused its discretion by denying the motion for new trial. We overrule Appellant's fourth issue.

In his fifth issue, Appellant argues that the non-confidential-informant evidence failed to connect Appellant with the commission of the offense charged. We disagree.

Appellant correctly points out that a defendant may not be convicted under Chapter 481 of the Health and Safety Code "on the testimony of a person who is not a licensed peace officer or a special investigator but who is acting covertly on behalf of a law enforcement agency or under the color of law enforcement *unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed*." CRIM. PROC. art. 38.141(a) (emphasis added). Article 38.141 also provides: "Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense." *Id.* art. 38.141(b).

The Court of Criminal Appeals has held that the standard for evaluating sufficiency of the evidence for corroboration under the accomplice-witness rule applies when evaluating sufficiency of the evidence for corroboration under the covert-agent rule. *Malone v. State*, 253 S.W.3d 253, 258 (Tex. Crim. App. 2008); *see* CRIM. PROC. arts. 38.14, .141. Under these rules, there must be evidence—in addition to the testimony of an accomplice or a confidential informant—that tends to connect the accused with the offense. *Malone*, 253 S.W.3d at 257. In reviewing the sufficiency of the corroborating evidence, we eliminate the covert-agent testimony from consideration and focus on the remaining evidence to determine whether there is evidence that tends to connect the defendant with the commission of the crime. *Id.*; *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). The corroborating evidence may be direct or circumstantial and need not be sufficient by itself to establish the defendant's guilt. *Solomon*, 49 S.W.3d at 361; *Gosch v. State*, 829 S.W.2d 775, 777 (Tex. Crim. App. 1991).

The evidence here, absent the testimony of the confidential informant, was that Crawford was working as a confidential informant for Detective Taylor. Crawford and Detective Taylor agreed to conduct a controlled buy of five hydrocodone pills from Appellant for $30. Detective Taylor searched Crawford, equipped Crawford with video and audio recording devices, and gave Crawford the money for the controlled buy. Crawford traveled to 912 West Anderson to purchase the pills, and when Crawford returned to meet Detective Taylor, Crawford had five hydrocodone pills. Detective Taylor reviewed the video and audio recordings and determined that they were consistent with Crawford's debrief of the controlled buy. Detective Taylor confirmed that Appellant was the person who sold the hydrocodone pills in the video recording. Detective Taylor testified about the video, and the State played the video and audio recordings for the jury. The video showed Appellant transfer the pills to Crawford for cash. We conclude that there was ample evidence, including the audio and video recordings and Detective Taylor's testimony, that tended to connect Appellant to the offense charged. We overrule Appellant's fifth issue on appeal.

### This Court's Ruling

We affirm the judgment of the trial court.


September 28, 2018                                    JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).        CHIEF JUSTICE

Panel consists of: Bailey, C.J.,
Simmons, F.J.,[3] and Wright, S.C.J.[4]
(Willson, J., not participating)

---

[3]Rebecca Simmons, Former Justice, Court of Appeals, 4th District of Texas at San Antonio, sitting by assignment.

[4]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.