**Trinidad H. URIBE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 56823, 56824.**

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 29, 1978.

Antonio G. Cantu, on appeal only, San Antonio, for appellant.

Bill M. White, Dist. Atty., Stephen P. Allison and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, for the State.

Before DOUGLAS, TOM G. DAVIS and VOLLERS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeals are taken from convictions for murder and unlawfully carrying a handgun on a premises licensed to sell alcoholic beverages. V.T.C.A. Penal Code, Secs. 19.02 and 46.02. Appellant entered pleas of guilty and punishment was assessed by the court at ten years in each cause.

The record reflects that the appellant carried a pistol into a San Antonio bar licensed to sell alcoholic beverages and while there shot the deceased. There was no dispute as to these facts, but there was a conflict in the evidence as to whether the shooting was the result of a fight. The appellant did not enter the bar and immediately shoot the deceased. The altercation occurred after both had been on the premises for some time.

■ Appellant first contends that his convictions for two offenses arising out of the same facts and occurring at the same time violate the doctrine of carving and place him twice in jeopardy for the same act.

In *Robinson v. State*, Tex.Cr.App., 530 S.W.2d 592, the defendant entered the grounds of the University of Houston without authority and stole a bicycle which was the property of the University. This Court held that since the offense of criminal trespass was committed the moment the defendant entered the prohibited area of the University without authority, the subsequent theft of the bicycle from the premises was a separate transaction. Thus, convictions for both offenses did not violate the doctrine of carving.

In *Hawkins v. State*, Tex.Cr.App., 535 S.W.2d 359, the Court found that the possession of a prohibited weapon (a sawed-off shotgun) and a robbery committed with that weapon were separate and distinct offenses. The Court reviewed numerous cases concerning carving and double jeopardy and observed that when double jeopardy was found to attach, both the offenses had arisen from "an uninterrupted and continuous sequence of events or assaultive acts directed toward a single victim." 535 S.W.2d at 362. The Court concluded that the possession offense was complete the moment the defendant was placed in posses-

sion of the sawed-off shotgun, and that the facts supporting that offense could not be characterized as an assaultive act directed toward the victim. This Court rejected the defendant's contention that the trial court erred in overruling his plea of former jeopardy.

Here, the offense of carrying a pistol on licensed premises was complete when the appellant entered the bar. This act alone cannot be characterized as an assaultive act directed toward the victim. Only later was the decedent assaulted by the appellant. We hold that conviction for both offenses does not violate the carving doctrine nor the constitutional guarantees against double jeopardy.

Appellant next challenges the sufficiency of the indictment charging him with carrying a firearm on a premises licensed to sell alcoholic beverages. He maintains that the indictment is defective in that it fails to allege that he *knew* the premises was licensed to sell alcoholic beverages, and further that the indictment fails to allege that it was licensed *when* he committed the offense. No motion to quash was made, thus appellant maintains that the indictment was fundamentally defective.

The indictment alleges that:

"The Grand Jury of Bexar County, State of Texas, duly organized, empaneled and sworn as such, at the September Term, A.D., 1975, of the 144th District Court of said County, in Said Court at said term, do present that in the County and State aforesaid, on or about the 10TH day of AUGUST, A.D., 1974, TRINIDAD HUERTA URIBE did then and there knowingly and intentionally carry on and about his person A HAND GUN, on premises licensed and issued a permit by the State of Texas for the sale and service of alcoholic beverages, namely: LA CHIFA, located at 401 EL PASO, SAN ANTONIO, Bexar County, Texas; against the peace and dignity of the State. . . ."

V.T.C.A. Penal Code, Sec. 46.02, provides:

"(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

"(b) Except as provided in Subsection (c), an offense under this section is a Class A misdemeanor.

"(c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

V.T.C.A. Penal Code, Sec. 6.02(b), provides that:

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

The definition of this offense in Sec. 46.-02(a), supra, prescribes a culpable mental state. Section 46.02(c), supra, does not create a separate offense, however, as its only effect is to raise the penalty when the offense is committed in a designated place. Thus the offense created by Subsections (a) and (c), supra, does not require a culpable mental state beyond that contained in Subsection (a).

A helpful contrast can be drawn between Sec. 46.02, supra, and V.T.C.A. Penal Code, Sec. 46.04, which provides:

"(a) A person commits an offense if, with a firearm, he intentionally, knowingly, or recklessly goes:

"(1) on the premises of a school or an educational institution, whether public or private, unless pursuant to written regulations or written authorization of the institution; or

"(2) on the premises of a polling place on the day of an election.

"(b) It is a defense to prosecution under this section that the actor was in the actual discharge of his official duties as a peace officer or a member of the armed forces or national guard.

"(c) An offense under this section is a Class A misdemeanor."

In Section 46.04, supra, the carrying of a firearm is not per se prohibited, but the act of carrying that firearm in specific locations is. The Legislature clearly required that the entry be made with a culpable mental

state, rather than the act of possessing the firearm be done with a culpable mental state.

We find that the statute does prescribe a culpable mental state and the same is sufficiently alleged.

As to appellant's contention that the indictment does not specify that the premises was licensed when he carried a handgun into it, we find this claim without merit. We hold that the indictment is sufficient to allege that the premises was licensed at the time of the offense.

Finally, the appellant contends that the trial judge should have withdrawn the guilty plea sua sponte when evidence was introduced raising the issue of self-defense.

This Court was recently faced with this same contention in *Moon v. State,* 572 S.W.2d 681 (Tex.Cr.App.1978), and held that the trial judge is no longer required to withdraw a guilty plea entered before the court even in the face of evidence which raises possible defenses to the crime. The Court overruled prior authority holding that the trial court must withdraw the guilty plea in such a situation.

We hold that the trial court did not err in failing to withdraw appellant's guilty pleas.

The judgments are affirmed.