

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00095-CR

MICHAEL BRIDGES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,140-C, Honorable Ana Estevez, Presiding

December 17, 2014

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Michael Bridges, appeals the trial court's judgment of conviction in which he was sentenced to sixty-five years' imprisonment for the offense of possession of a controlled substance, methamphetamine, in the amount of less than one gram within a drug-free zone.[1] On appeal, appellant contends that proof of a culpable mental state as to the location of the offense in a drug-free zone was a requisite element of the offense charged. He also contends that the trial court's charge to the jury was

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (West 2010), § 481.134(d) (West Supp. 2014).

egregiously harmful in that it omitted the culpable mental state as to the location of the offense within a drug-free zone. We will affirm.

Factual and Procedural History

In February 2013, the Allante family lived within 1000 yards of an early learning academy. One day, Mrs. Allante looked out the window and noticed that a strange man, later identified as appellant, was in the family's backyard and was rummaging around the shed with his pants down. Mrs. Allante called 911 while Mr. Allante kept appellant under control in the backyard. Officers Cynthia Palacios and Jay Puckett responded.

When the officers approached appellant, they noticed that he wielded a remote control, that he repeatedly insisted that he was looking for an explosive device, and that he also explained that he was looking for a place to go to relieve himself. During the course of their interaction, he also made several obscene comments to Officer Palacios. The officers arrested appellant for criminal trespass and transported him to the police station. Once at the station, he underwent a more thorough search that yielded a clear plastic baggie that was found to have less than one gram of methamphetamine in it. Appellant was charged with possession of that methamphetamine within a drug-free zone, being that the Allante residence was very near the early learning academy.

The Randall County jury ultimately found him guilty of possession of a controlled substance within a drug-free zone and recommended punishment at sixty-five years' imprisonment. The trial court sentenced appellant accordingly.

2

Although, at trial, appellant maintained that he did not have the baggie in his pocket at the scene, hypothesizing that the officers took the baggie from appellant's hotel room and later placed the baggie on appellant's person so that it appeared "miraculously" at the jail, appellant seems to have abandoned that position on appeal and contends, instead, that the State was required to prove that appellant acted with a culpable mental state as to his location within a drug-free zone. He also contends that the trial court's charge to the jury omitted that element and was erroneous in its omission.

*Mens Rea* as to Drug-Free Zone

As a foundation to his contentions concerning this issue, appellant posits that the Texas Health and Safety Code creates two separate offenses: (1) possession, as outlined in sections 481.115(a) and (b); and (2) possession in a drug-free zone, as outlined in section 481.134(d). That being the position he takes, appellant further contends that the State was required to prove all the elements of the separate offense criminalized by section 481.134(d), including a culpable mental state with respect to the actor's location in a drug-free zone.

Appellant relies heavily on language from a sister court describing delivery of a controlled substance and delivery of a controlled substance within a drug-free zone as "two separate and distinct offenses." *See Harris v. State*, 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd). And, perhaps, facially, such language could be read to support appellant's position. The context of the discussion, however, reveals that the cited language deals with whether the issue of the drug-free zone is an issue to be

3

addressed at the guilt/innocence phase or the punishment phase of trial. *See id.* at 51–52. *Harris* does not lend direct support to appellant's contention that the State must prove a culpable mental state as to the location of the offense within a drug-free zone.

To the contrary, a good deal of authority holds that the opposite is true, that the State need not prove a culpable mental state with respect to the location of the offense. *See Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. 1978) (holding that it was not necessary to allege separate culpable mental state to raise penalty for offense of carrying handgun on premises where alcohol was sold). The Dallas Court has held that "the offense created by sections 481.112(a) and 481.134(c) does not require a culpable mental state beyond that contained in section 481.112(c)." *See Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd) (citing *Uribe*, 573 S.W.2d at 821, and *United States v. Koons*, 300 F.3d 985, 993 (8th Cir. 2002)). The Texarkana Court also addressed the issue, concluding, too, that the *mens rea* is connected with the wrongful act and observing that nothing suggests that there must also be a separate intent to commit the act in a particular place. *See Fluellen v. State*, 104 S.W.3d 152, 165–66 (Tex. App.—Texarkana 2003, no pet.) (citing *Uribe*, 573 S.W.2d at 821). This Court has come to the same conclusion. *See Shaw v. State*, No. 07-03-00301-CR, 2004 Tex. App. LEXIS 3798, at *2–3 (Tex. App.—Amarillo Apr. 29, 2004, no pet.) (mem. op., not designated for publication). We concluded that the fact that the offense took place in a drug-free zone enhances the punishment by elevating the offense. *See id.* at *2. The *mens rea* contemplated by the Texas Penal Code provision relates to the wrongful act: possessing the controlled substance. *Id.* We concluded that the State

4

need not allege or prove that an accused had a particular *mens rea* with regard to the location at which he possessed the controlled substance.  *See id.* at *2–3.

The foregoing being the state of the law on the issue, we are disinclined to hold contrary to that law that the State must prove a culpable mental state with respect to the location of the offense within a drug-free zone.  We overrule appellant's first point of error.

## Jury Charge Error

Appellant's second issue takes a similar position framed as a jury charge issue. His issue is conditioned on section 481.134(d) creating a separate offense in that the State must prove a culpable mental state as to the location of the offense.  Having concluded that section 481.134(d) does not create a separate offense in the sense that appellant advances, we overrule his second point of error based on the same reasoning and the same authority as cited with respect to his first issue.

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgment of conviction.  *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Publish.

5