PD-0162-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/10/2015 1:37:58 PM
Accepted 2/12/2015 8:25:38 AM
ABEL ACOSTA
CLERK

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# MICHAEL BRIDGES

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-14-00095-CR FROM THE SEVENTH COURT OF APPEALS,
AND IN CAUSE NUMBER 24,140-C FROM THE 251st
DISTRICT COURT OF RANDALL COUNTY

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED IN
COURT OF CRIMINAL APPEALS

February 12, 2015

ABEL ACOSTA, CLERK

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

1.  **Trial Judge**

    The Honorable Ana C. Estevez
    Judge, 251st District Court of Randall County

2.  **Petitioner**

    Michael Bridges

    Trial Counsel:            Richard King (State Bar No. 50511715)
                              13661 Highway 181, #19
                              Sinton, Texas 78387
                              Telephone: (806) 654-2375

    Appellate Counsel:        John Bennett  (State Bar No. 00785691)
                              P.O. Box 19144
                              Amarillo, Texas 79114
                              Telephone:  (806) 282-4455

3.  **Respondent**

    The State of Texas

    Trial Counsel:            David Blount (State Bar No. 04300550)
                              Assistant Criminal District Attorney
                              Randall County
                              2309 Russell Long Boulevard, Suite 120
                              Canyon, Texas 79015
                              Telephone: (806) 468-5570

    Appellate Counsel:        Kristy Wright (State Bar No. 00798601)
                              Assistant Criminal District Attorney
                              Randall County
                              2309 Russell Long Boulevard, Suite 120
                              Canyon, Texas 79015
                              Telephone: (806) 468-5570

# TABLE OF CONTENTS

Identity of Judge, Parties and Counsel..................................................2

Index of Authorities .......................................................................4

Statement Regarding Oral Argument ...................................................7

Statement of the Case......................................................................7

Statement of Procedural History.........................................................7

Ground for Review .........................................................................7

### Is TEX. HEALTH & SAFETY CODE § 481.134(d) a separate offense or a mere punishment clause?

Argument ...................................................................................8

Prayer for Relief...........................................................................11

Certificate of Compliance...............................................................11

Certificate of Service .....................................................................12

Opinion and overruling of Rehearing Below........................... following page 12

# INDEX OF AUTHORITIES

Cases

*Bridges v. State*, __ S.W.3d __, 2014 WL 7204720
    (Tex.App. – Amarillo 2014).................................................................7

*Crabtree v. State*, 389 S.W.3d 820 (Tex.Crim.App. 2012).............................10

*Harris v. State*, 125 S.W.3d 45 (Tex.App. – Austin 2003,
    (pet. dism.).........................................................................7,9

*Uribe v. State*, 573 S.W.2d 819 (Tex.Crim.App. 1978) ..................................9


Statutory Provisions

TEX. HEALTH & SAFETY CODE ANN. § 481.134
    (Vernon supp. 2013)...............................................................7

TEX. HEALTH & SAFETY CODE ANN. § 481.134(b)
    (Vernon supp. 2013)..............................................................8,10

TEX. HEALTH & SAFETY CODE ANN. § 481.134(c)
    (Vernon supp. 2013)................................................................10

TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)
    (Vernon supp. 2013)............................................................. 7-10

TEX. PEN. CODE ANN. § 6.02(b) (Vernon supp. 2013) ..............................8-9

TEX. PEN. CODE ANN. 12.42(d) (Vernon supp. 2013) ..................................8

TEX. PEN. CODE ANN. 12.425(b) (Vernon supp. 2013) ................................8


Legislative Action

Acts 1993, 73rd Leg. Ch. 888, §1, eff. September 1, 1993 .................................9

Rule

TEX. R. APP. P. 66.3(a) ...................................................................................8


Published Article

Richard Martindale, 38 The Prosecutor (at
      www.tdcaa.com/node/2494) (2008) ....................................................... 7-8

NO. _____

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

***************

# MICHAEL BRIDGES

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

***************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBER
07-14-00095-CR FROM THE SEVENTH COURT OF APPEALS,
AND IN CAUSE NUMBER 24,140-C FROM THE 251st
DISTRICT COURT OF RANDALL COUNTY

***************

# PETITION FOR DISCRETIONARY REVIEW

***************

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Michael Bridges, petitioner in the above cause, and submits this petition in support of his request for a new sentencing hearing with a punishment range of two to 20 years or for a new trial, or for remand to the court of appeals for new analysis.

6

## STATEMENT REGARDING ORAL ARGUMENT

Since the opinion issued here by the Seventh Court of Appeals conflicts with that of the Third Court of Appeals, the petitioner requests oral argument.

## STATEMENT OF THE CASE

The petitioner pled not guilty to a charge of possession of under a gram of methamphetamine in a drug-free zone, but a jury convicted him and, finding true two prior felonies alleged for enhancement, returned a sentencing verdict of 65 years' imprisonment.

## STATEMENT OF PROCEDURAL HISTORY

The Seventh Court of Appeals affirmed the conviction in a published opinion on December 17, 2014. *Bridges v. State*, __ S.W.3d __, 2014 WL 7204720 (Tex.App. – Amarillo 2014) (attached). A motion for rehearing was filed on December 29, 2014 but overruled without opinion on January 15, 2014.

## GROUND FOR REVIEW

Is TEX. HEALTH & SAFETY CODE § 481.134(d) a separate offense or a mere punishment clause?

# ARGUMENT

The court of appeals' decision conflicts with that of another court of appeals on the same issue. TEX. R. APP. P. 66.3(a).

> …the courts have held that offenses that fit into the provision of subsections (b) or (d) are separate and distinct 3rd degree felonies and not enhanced versions of the offenses listed in those sections.

Richard Martindale, 38 The Prosecutor (at www.tdcaa.com/node/2494) (2008), citing *Harris v. State*, 125 S.W.3d 45, 50-1 (Tex.App. – Austin 2003, pet. dism.) and an unpublished case. *Harris* noted that § 481.134(d) is not a punishment clause, but a separate offense in itself:

> The third degree felony under article 481.134(d)(1) contains an element that the state jail felony lacks under section 481.112(a), (b). These are two separate and distinct offenses.

*Harris*, 125 S.W.3d at 50.

Possession of less than a gram of methamphetamine, normally a state jail felony, was here a third-degree under § 481.134(d) due to a school's proximity. The two prior felonies used for enhancement would have triggered a *second-degree* sentencing range from a state jail felony. TEX. PEN. CODE ANN. 12.425(b) (Vernon supp. 2013). But since a third-degree was involved, the *first-degree* range applied. TEX. PEN. CODE ANN. 12.42(d) (Vernon supp. 2013). The 65-year sentence assessed, of course, exceeded the second-degree range.

But the guilt/innocence jury charge lacked any requirement of a culpable mental state regarding the proximity of the school, which is necessary if § 481.134(d) is a separate offense under *Harris*; a culpable mental state is required unless the offense's definition "plainly dispenses with any mental element, which § 481.134(d) does not. TEX. PEN. CODE ANN. § 6.02(b) (Vernon supp. 2013). The charge here merely asked the jury to decide whether the possession occurred in a drug-free zone. See Appellant's Brief, below, Appendix Exhibit C. Since the evidence that the petitioner knew a school was nearby was tenuous, the petitioner claimed the evidence was insufficient to convict him of a third-degree felony, or alternately that the jury charge caused egregious harm.

Yet contrary to *Harris* and Mr. Martindale's article above, the court of appeals ruled that *none* of the subsections of § 481.134 form separate offenses. Instead it held that *Harris* might "facially … be read to support" the petitioner's petition, but that the "cited language" of *Harris* "deals with whether the issue of the drug-free zone is an issue to be addressed at the guilt/innocence phase or the punishment phase of trial." (Opinion, p. 3-4). The Opinion also cites *Uribe v. State*, 573 S.W.2d 819 (Tex.Crim.App. 1978), which predated the appearance of § 481.134 in 1993 (See Acts 1993, 73rd Leg. Ch. 888, §1, eff. September 1, 1993), as well as other decisions from courts of appeals holding that no culpable mental state need be proven regarding drug-free zones. (Opinion, p. 3-5).

9

And the court of appeals did not address the detailed argument in the petitioner's opening Brief that the *language* the Legislature used in § 481.134(b), (c) and (d) – each of which is worded differently from the others – might entail that one or more might form a separate offense and the other or others a punishment clause. The courts presume that "every word has been used for a purpose and that each word, phrase, clause and sentence should be given effect if reasonably possible." *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex.Crim.App. 2012). Here subsection (b) may well be interpreted as a punishment clause:

> An offense otherwise punishable as a state jail felony under Section 481.112, 481.113, 481.114, or 481.120 is *punishable* as a felony of the third degree…

§ 481.134(b) (emphasis added). And (c) is more obviously a punishment clause:

> The minimum term of confinement or imprisonment for an offense *otherwise punishable* under [earlier sections of the Controlled Substances Act] *is increased* by five years …

§ 481.134(c) (emphases added). But subsection (d), at issue here, appears to create a separate offense:

> An offense otherwise punishable under Section 481.112(b), 481.113(b), 481.114(b), 481.115(b), 481.116(b), 481.1161(b)(3), 481.120(b)(3), or 481.121(b)(3) *is* a felony of the third degree…

§ 481.134(d) (emphasis added).

10

## PRAYER FOR RELIEF

The petitioner therefore prays the Court grant discretionary review and remand the cause to the trial court for resentencing or a new trial, or remand the case to the court of appeals for new analysis, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
Email: AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney *pro bono* for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 1,536 words.

/s/ JOHN BENNETT
John Bennett

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing PDR has been served on Kristy Wright, Esq., Assistant Criminal District Attorney for Randall County, by personal delivery and by email to her at klscrivner@yahoo.com, and on Lisa McMinn, Esq., State Prosecuting Attorney, by United States Mail, first class delivery prepaid, to her at P.O. Box 13046, Austin, Texas 78711, both on February 10, 2015, and by email to her at lisa.mcminn@spa.texas.gov.

/s/ JOHN BENNETT
John Bennett

FILE COPY

No. 07-14-00095-CR

| | | |
|---|---|---|
| Michael Bridges<br>  Appellant | § | From the 251st District Court of<br>  Randall County |
| | § | |
| v. | | December 17, 2014 |
| | § | |
| The State of Texas<br>  Appellee | § | Opinion by Justice Hancock |

## J U D G M E N T

Pursuant to the opinion of the Court dated December 17, 2014, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

It is further ordered that appellant pay all costs in this behalf expended for which let execution issue.

It is further ordered that this decision be certified below for observance.

o O o



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00095-CR

MICHAEL BRIDGES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 24,140-C, Honorable Ana Estevez, Presiding

December 17, 2014

OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Michael Bridges, appeals the trial court's judgment of conviction in which he was sentenced to sixty-five years' imprisonment for the offense of possession of a controlled substance, methamphetamine, in the amount of less than one gram within a drug-free zone.[1] On appeal, appellant contends that proof of a culpable mental state as to the location of the offense in a drug-free zone was a requisite element of the offense charged. He also contends that the trial court's charge to the jury was

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)–(b) (West 2010), § 481.134(d) (West Supp. 2014).

egregiously harmful in that it omitted the culpable mental state as to the location of the offense within a drug-free zone. We will affirm.

Factual and Procedural History

In February 2013, the Allante family lived within 1000 yards of an early learning academy. One day, Mrs. Allante looked out the window and noticed that a strange man, later identified as appellant, was in the family's backyard and was rummaging around the shed with his pants down. Mrs. Allante called 911 while Mr. Allante kept appellant under control in the backyard. Officers Cynthia Palacios and Jay Puckett responded.

When the officers approached appellant, they noticed that he wielded a remote control, that he repeatedly insisted that he was looking for an explosive device, and that he also explained that he was looking for a place to go to relieve himself. During the course of their interaction, he also made several obscene comments to Officer Palacios. The officers arrested appellant for criminal trespass and transported him to the police station. Once at the station, he underwent a more thorough search that yielded a clear plastic baggie that was found to have less than one gram of methamphetamine in it. Appellant was charged with possession of that methamphetamine within a drug-free zone, being that the Allante residence was very near the early learning academy.

The Randall County jury ultimately found him guilty of possession of a controlled substance within a drug-free zone and recommended punishment at sixty-five years' imprisonment. The trial court sentenced appellant accordingly.

2

Although, at trial, appellant maintained that he did not have the baggie in his pocket at the scene, hypothesizing that the officers took the baggie from appellant's hotel room and later placed the baggie on appellant's person so that it appeared "miraculously" at the jail, appellant seems to have abandoned that position on appeal and contends, instead, that the State was required to prove that appellant acted with a culpable mental state as to his location within a drug-free zone. He also contends that the trial court's charge to the jury omitted that element and was erroneous in its omission.

*Mens Rea* as to Drug-Free Zone

As a foundation to his contentions concerning this issue, appellant posits that the Texas Health and Safety Code creates two separate offenses: (1) possession, as outlined in sections 481.115(a) and (b); and (2) possession in a drug-free zone, as outlined in section 481.134(d). That being the position he takes, appellant further contends that the State was required to prove all the elements of the separate offense criminalized by section 481.134(d), including a culpable mental state with respect to the actor's location in a drug-free zone.

Appellant relies heavily on language from a sister court describing delivery of a controlled substance and delivery of a controlled substance within a drug-free zone as "two separate and distinct offenses." *See Harris v. State*, 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd). And, perhaps, facially, such language could be read to support appellant's position. The context of the discussion, however, reveals that the cited language deals with whether the issue of the drug-free zone is an issue to be

3

addressed at the guilt/innocence phase or the punishment phase of trial. *See id.* at 51–52. *Harris* does not lend direct support to appellant's contention that the State must prove a culpable mental state as to the location of the offense within a drug-free zone.

To the contrary, a good deal of authority holds that the opposite is true, that the State need not prove a culpable mental state with respect to the location of the offense. *See Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. 1978) (holding that it was not necessary to allege separate culpable mental state to raise penalty for offense of carrying handgun on premises where alcohol was sold). The Dallas Court has held that "the offense created by sections 481.112(a) and 481.134(c) does not require a culpable mental state beyond that contained in section 481.112(c)." *See Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd) (citing *Uribe*, 573 S.W.2d at 821, and *United States v. Koons*, 300 F.3d 985, 993 (8th Cir. 2002)). The Texarkana Court also addressed the issue, concluding, too, that the *mens rea* is connected with the wrongful act and observing that nothing suggests that there must also be a separate intent to commit the act in a particular place. *See Fluellen v. State*, 104 S.W.3d 152, 165–66 (Tex. App.—Texarkana 2003, no pet.) (citing *Uribe*, 573 S.W.2d at 821). This Court has come to the same conclusion. *See Shaw v. State*, No. 07-03-00301-CR, 2004 Tex. App. LEXIS 3798, at *2–3 (Tex. App.—Amarillo Apr. 29, 2004, no pet.) (mem. op., not designated for publication). We concluded that the fact that the offense took place in a drug-free zone enhances the punishment by elevating the offense. *See id.* at *2. The *mens rea* contemplated by the Texas Penal Code provision relates to the wrongful act: possessing the controlled substance. *Id.* We concluded that the State

4

need not allege or prove that an accused had a particular *mens rea* with regard to the location at which he possessed the controlled substance.  *See id.* at *2–3.

The foregoing being the state of the law on the issue, we are disinclined to hold contrary to that law that the State must prove a culpable mental state with respect to the location of the offense within a drug-free zone.  We overrule appellant's first point of error.

## Jury Charge Error

Appellant's second issue takes a similar position framed as a jury charge issue. His issue is conditioned on section 481.134(d) creating a separate offense in that the State must prove a culpable mental state as to the location of the offense.  Having concluded that section 481.134(d) does not create a separate offense in the sense that appellant advances, we overrule his second point of error based on the same reasoning and the same authority as cited with respect to his first issue.

## Conclusion

Having overruled appellant's two issues, we affirm the trial court's judgment of conviction.  *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Publish.

5

<span style="color:red">FILE COPY</span>



BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

# Court of Appeals

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

January 15, 2015

John Bennett
Attorney at Law
P. O. Box 19144
Amarillo, TX 79114
* DELIVERED VIA E-MAIL *

Kristy Wright
Asst. Criminal District Attorney
2309 Russell Long Blvd., Suite 120
Canyon, TX 79015
* DELIVERED VIA E-MAIL *

**RE:**   Case Number:  07-14-00095-CR
Trial Court Case Number: 24,140-C

**Style:** Michael Bridges v. The State of Texas

Dear Counsel:

By Order of the Court, Appellant's Motion for Rehearing is this day overruled.

Very truly yours,

*Vivian Long*

VIVIAN LONG, CLERK

xc:   Honorable Ana Estevez (DELIVERED VIA E-MAIL)
Jo Carter (DELIVERED VIA E-MAIL)