# PD-1596-15

PD-1596-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/8/2015 1:11:26 PM
Accepted 12/10/2015 5:28:59 PM
ABEL ACOSTA
CLERK

CAUSE NUMBER _____

---

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS

---

**WILLIAM DEWAYNE WHITE**
**PETITIONER**

**v.**

**THE STATE OF TEXAS**

---

## PETITION FOR DISCRETIONARY REVIEW

IN TRIAL COURT CAUSE NUMBER:  CR-14-25152

FROM THE 336TH JUDICIAL DISTRICT COURT OF

FANNIN COUNTY, TEXAS

AND FROM THE

SIXTH COURT OF APPEALS OF TEXAS

IN TEXARAKANA, TEXAS

CASE NUMBER:  No. 06-15-00078-CR

FILED IN
COURT OF CRIMINAL APPEALS

December 10, 2015

ABEL ACOSTA, CLERK

**STEVEN R. MIEARS**

State Bar of Texas No.: 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

**ORAL ARGUMENT IS REQUESTED**

1 | P a g e

## Identity of Parties and Counsel

Under Rule 68.4(a), Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgments and their counsel in the trial court, and appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the cases and so the Clerk of the Court may properly notify the parties to the trial court's final judgments or their counsel of the judgments and all orders of the Court of Criminal Appeals.

**Trial Judge:** **THE HONORABLE JUDGE LAURINE BLAKE, 336TH JUDICIAL DISTRICT COURT**

**Petitioner** .................................... **WILLIAM DEWAYNE WHITE**

**TDC No.: 2001012**
**Gurney Unit 1385 FM 3328**
**Palestine, Texas 75803-5000**

**Steven R. Miears (Counsel on Appeal)**
SBOT# 14025600
211 North Main
POB 736
Bonham, Texas 75418
903 640 4963 fax: 903 640 4964
SteveMiears@msn.com

Mr. John O'Toole (Counsel at Trial)
SBOT #24045095
2414 W. University Drive
Suite 122 D
McKinney, Texas 75071

**THE STATE OF TEXAS**          **Richard E. Glaser**
SBOT# 08000000
Criminal District Attorney
101 East Sam Rayburn Drive
Bonham, Texas 75418

# TABLE OF CONTENTS

IDENTIFICATION OF PARTIES AND COUNSEL................................................2

TABLE OF CONTENTS ................................................................ 4

INDEX OF AUTHORITIES................................................................ 6

STATEMENT REGARDING ORAL ARGUMENT................................................8

STATEMENT OF THE CASE ................................................................8

STATEMENT OF PROCEDURAL HISTORY................................................8

GROUNDS FOR REVIEW STATED ................................................................8

Ground Number One.

Question: Are sections 481.112 and 481.134(d) of the Health and Safety Code separate offenses?

Ground Number Two:

Question: Does Health and Safety Code section 481.134(d) require proof of a culpable mental state to support a jury finding at trial that an offense was committed in a drug-free zone?

Reasons for Granting Review of Grounds One and Two:

A. This Court should grant review under T.R.A.P. section 66.3 (a) because the decision of the Court of Appeals may conflict with another court of appeals' decision on the same issue.

B. This Court should grant review under T.R.A.P. 66.3 (b) because the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by this Court.

C. This Court should grant review under T.R.A.P. 66.3(d) because the Court of Appeals appears to have misconstrued sections 481.112 and 481.134(d) of the Health and Safety Code.

Ground Number Three.

Question: Should an alternate juror be allowed to leave the courthouse before the regular jury returns a verdict, absent a motion to sequester the alternate made by a party?

Reason for Granting Review

A. This Court should grant review under T.R.A.P. 66.3 (b) because the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by this Court.

B. This Court should grant review under T.R.A.P. 66.3(d) because the Court of Appeals appears to have misconstrued article 33.011 and article 35.23 of the Code of Criminal Procedure.

ARGUMENT: GROUNDS ONE AND TWO…......................................................... 10

ARGUMENT: GROUND THREE............................................................................. 18

PRAYER FOR RELIEF...........................................................................................21

CERTIFICATE OF SERVICE.......... .................................................................... 22

CERTIFICATE OF WORD COUNT.................................................................... 23

APPENDIX

(Copy of Opinion from Court of Appeals)

# INDEX OF AUTHORITIES

**Statutes and Rules**

Tex. Alco. Bev. Code § 61.11. p.13

Tex. Code of Crim. Proc. Art. 33.011. p.19

Tex. Code of Crim. Proc. Art. 35.23. p.19

Tex. Code of Crim. Proc. Art. 42.12 section 3(g)(a)(1)(G)(ii). p. 10.

Tex. Gov't Code, Section 508.145 (e). p.10

Tex. Health & Safety Code, section 481.112(b). pp. 10, 11, 13.

Tex. Health & Safety Code, section 481.112(c). pp. 10, 11, 13.

Tex. Health & Safety Code, section 481.134(b), p.16.

Tex. Health & Safety Code, section 481.134(d). pp. 8, 9, 11, 13, 14, 16, 18.

Tex. Health & Safety Code, section 481.134(h). p.10.

Texas Penal Code section 6.02 pp. 9; pp. 12, 13, 15, 16.

Texas Penal Code, Section 1.07 (22). p. 16.

Texas Penal Code, section 12.42(a). p.8, 17.

**Cases**

*Bridges v. State,* 454 S.W.3d 87, 88 (Tex. App.—Amarillo 2014, pet. ref'd) p.11

*Castillo v. State,* 319 S.W.3d 966 (Tex. App. Austin 2010). p.20

*Fluellen v. State,* 104 S.W.3d 152, 166 (Tex. App.—Texarkana 2003 no pet.). p.12

*Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd). pp. 13, 14, 15, 16.

*Hastings v. State,* 20 S.W.3d 786, 790 (Tex. App.—Amarillo 2000). p.16.

*Trinidad v. State,* 312 S.W.3d 23 (Tex. Crim. App. 2010). pp. 19, 20.

*Uribe v. State,* 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978). p. 12.

*White v. State,* 2015 Tex. App. LEXIS 11973 (Tex. App. Texarkana Nov. 23, 2015). pp. 11, 14, 16, 19, 22.

*Williams v. State,* 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd). p.4.

Journals and Articles:

"Disparity by Design: How Drug Free Zone Laws Impact Racial Disparity – And Fail to Protect Youth," A Justice Policy Institute Report Commissioned by The Drug Policy Alliance, Judith Greene, Kevin Pranis, Jason Ziedenberg, March, 2006. http://sentencingproject.org/doc/publications/sen_Drug-Free%20Zone%20Laws.pdf. p.11.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested.

## STATEMENT OF THE CASE

Petitioner was convicted by a jury of the third-degree felony offense of delivery of less than one gram of methamphetamine in a drug-free zone under Tex. Health & Safety Code, section 481.134(d). (CR p. 88). The drug-free zone finding was made by the jury at the guilt / innocence phase. (CR p. 104 ) Sentencing was to the judge. After the trial court found one of the State's enhancement allegations "true," (CR p. 88) his sentencing range increased under Penal Code section 12.42(a) to that of a second degree felony. He was sentenced to fifteen years' imprisonment by the trial court. (CR CR p. 88.)

## STATEMENT OF PROCEDURAL HISTORY

The published opinion of the Court of Appeals was handed down on November 23, 2015. Petitioner filed no motion for rehearing. This Petition is timely if filed within 30 days of that date.

## GROUNDS FOR REVIEW

Ground Number One.

Question: Are sections 481.112 and 481.134(d) of the Health and Safety Code separate offenses?

Ground Number Two:

Question: Does Health and Safety Code section 481.134(d) require proof of a culpable mental state to support a jury finding at trial that an offense was committed in a drug-free zone?

Reasons for Granting Review of Grounds One and Two:

A. This Court should grant review under T.R.A.P. section 66.3 (a) because the decision of the Court of Appeals conflicts with another court of appeals' decision on the same issue.

B. This Court should grant review under T.R.A.P. 66.3 (b) because the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by this Court.

C. This Court should grant review under T.R.A.P. 66.3(d) because the Court of Appeals appears to have misconstrued sections 481.112 and 481.134(d) of the Health and Safety Code.

Ground Number Three.

Question: Should an alternate juror be allowed to leave the courthouse before the regular jury returns a verdict absent a motion to sequester the alternate made by a party?

Reason for Granting Review

A. This Court should grant review under T.R.A.P. 66.3 (b) because the Court of Appeals has decided an important question of state or federal law that has not been, but should be, settled by this Court.

B. This Court should grant review under T.R.A.P. 66.3(d) because the Court of Appeals appears to have misconstrued article 33.011 and article 35.23 of the Code of Criminal Procedure.

**Argument**

*Grounds One And Two:* This Court has never decided the important question of whether the offense of manufacturing or delivery of a controlled substance found in penalty group one in section 481.112 of the Health and Safety Code is a separate offense from manufacturing or delivery of a controlled substance in penalty group one which occurs in a drug-free zone set forth in 481.134(d). Similarly, this Court has never decided the interrelated question of whether at guilt/innocence the State must prove that the defendant was knowingly in a drug-free zone to commit an offense under Health and Safety Code Section 481.134(d).

These are important questions because a drug-free zone finding mandates significant collateral consequences including: enhanced of punishment ranges, (Health and Safety Code, section 481.134(c)); mandatory parole ineligibility with mandatory flat time, (Tex. Gov't Code § 508.145 (e)); and, the mandatory stacking of some sentences (Health and Safety Code, section 481.134(h)). It is even classified under Article 42.12 section 3(g)(a)(1)(G)(ii) as one of the offenses for which a trial court cannot give regular probation. The enhanced sanctions and collateral consequences are mandatory, and can result even though the offender had no intent to be in a drug-free zone, or knowledge he was in it.

Drug-free zone laws were enacted intending to deter those who would sell drugs from being around children. But for deterrence to work the offender must know he is likely to be in a drug-free zone. Drug-free zones have become so ubiquitous, especially in densely populated cities that disparities in their enforcement affecting the poor and minorities occur. Some law enforcement agencies have exploited the state of affairs by using confidential informants to cause undercover drug transactions to transpire in drug-free zones, when they otherwise would not occur there. Finally, some traffic stops resulting in drug charges then morph into drug-free zone charges merely because of the location of the stop.[1]

The Sixth Court of Appeals decides here that 481.134(d) is not a separate offense from 481.112. Thus, the drug-free zone is not a separate element of an offense. Therefore, the Court holds that proof of a culpable mental state associated with the drug-free zone is not required. *White v. State,* No. 06-15-00078-CR (Tex. App. – Texarkana 2015) p. 6. It agreed with the Seventh Court of Appeals as it held in *Bridges v. State,* 454 S.W.3d 87, 88 (Tex. App.—Amarillo 2014, pet.

---

[1] These assertions are based in part upon the writer's real-world experience in practicing criminal law for the last thirty-three years. However, a study which confirm these assertions includes, "Disparity by Design: How Drug Free Zone Laws Impact Racial Disparity – And Fail to Protect Youth," A Justice Policy Institute Report Commissioned by The Drug Policy Alliance, Judith Greene, Kevin Pranis, Jason Ziedenberg, March, 2006. http://sentencingproject.org/doc/publications/sen_Drug-Free%20Zone%20Laws.pdf.

ref'd). *Also see Fluellen v. State*, 104 S.W.3d 152, 166 (Tex. App.—Texarkana 2003 no pet.).

To support their holdings both the Sixth and Seventh Courts of Appeals relied upon this Court's opinion in *Uribe v. State,* 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978). However, an analysis of *Uribe* shows its resemblance to be tenuous. *Uribe* was a 1978 case where the Appellant was charged with unlawfully carrying a handgun on a premises licensed to sell alcoholic beverages in violation of Penal Code, Section 46.02(c). *Uribe, at* 820.

On appeal the appellant challenged whether the indictment was fundamentally defective "in that it fails to allege that he knew the premises was licensed to sell alcoholic beverages, and further that the indictment fails to allege that it was licensed when he committed the offense." *Uribe, at* 821. No motion to quash had been filed. The Court in *Uribe* decided that Section 46.02(c) which proscribes carrying the weapon into a licensed bar does not create an offense separate from otherwise unlawfully carrying a weapon under 46.02(a). The Court said that, "its only effect is to raise the penalty when the offense is committed in a designated place. Thus the offense created by Subsections (a) and (c), supra, does not require a culpable mental state beyond that contained in Subsection (a)." *Uribe*

*v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. 1978). *Uribe* is distinguishable for several reasons.

First, carrying a gun into a bar is different conduct from selling drugs in a drug-free zone. As a matter of notice it will be readily apparent that one has entered a bar, whereas being in a drug-free zone is not so easily discernable. Second, state law requires that licensed bars place conspicuous and even bi-lingual warnings that entry with a firearm is prohibited and punishable as a higher degree of offense. *See* Tex. Alco. Bev. Code § 61.11. Third, the collateral consequences associated with drug-free zones are not applicable to offenses under 46.02(c).

In conflict with the Sixth and Seventh Courts of Appeals are the Third Court of Appeals and the Fifth Court of Appeals. They have held that 481.112 and 481.134(d) are separate offenses, and that the drug-free zone finding is a distinct element of the offense set forth in 481.134(d). *Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd); *Johnson v. State,* 2007 Tex. App. LEXIS 2098, *7, 2007 WL 806317 (Tex. App. Dallas Mar. 19, 2007 non-published).

In *Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003, pet. dism'd) the Third Court of Appeals said, "The third degree felony under article 481.134(d)(1) contains an element that the state jail felony lacks under section

481.112(a), (b). These are two separate and distinct offenses. The plain language of the two statutes, read individually or together, does not lead to absurd consequences and the language is not ambiguous." *Harris v. State,* 125 S.W.3d 45, 50 (Tex. App.—Austin 2003). In *Johnson v. State,* 2007 Tex. App. LEXIS 2098, *7, 2007 WL 806317 (Tex. App. Dallas Mar. 19, 2007 non-published) the Court construed section 481.134(d), and wrote: "Because the drug-free zone allegation was part of appellant's forbidden conduct and changes the degree of the offense, we conclude the trial court did not err in treating it as an element of the offense, rather than an enhancement, and proceeding accordingly." *Johnson v. State,* 2007 Tex. App. LEXIS 2098, *3, 2007 WL 806317 (Tex. App. Dallas Mar. 19, 2007 non-published).

Incidentally, the Sixth Court of Appeals errs here in its reliance upon *Williams v. State,* 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004) to support its holding. *White id.,* p. 6. *Williams* concerned a constitutional challenge to a different section of the Health and Safety Code than is at issue here. The Court in *Williams* held, "Thus, the offense created by sections 481.112(a) and 481.134(c) does not require a culpable mental state beyond that contained in section 481.112(c)." But the Statute at issue here is 481.134(d). This is important because

these statutes differ in whether the drug-free zone is determined at guilt/innocence, or at punishment.

Petitioner readily acknowledges that neither *Harris* nor *Johnson* squarely addressed the requirement of a culpable mental state on the drug-free zone finding. But, both decided that that the drug-free zone conduct in 481.134(d) creates a distinct offense, and not just an enhanced penalty range. As a separate element of a distinct offense the Penal Code mandates that an accompanying mental state attach.

Under Texas Penal Code section 6.02(a) a person commits no offense unless he engages in conduct as the definition of the offense requires, with some culpable mental state. Under Texas Penal Code section 6.02(b) if the definition of an offense prescribes no culpable mental state, a culpable mental state is nevertheless required unless the definition "plainly dispenses" with any mental element. Nothing in either sections 481.112 or 481.134(d) of the Health and Safety Code dispenses with the requirement of scienter as it relates to the drug-free zone element.

The Penal Code defines "element of offense" to mean: "(A) the forbidden conduct; (B) the required culpability; (C) any required result; and (D) the negation

of any exception to the offense." Texas Penal Code, Section 1.07 (22). The commission of the offense in a drug-free zone is the added forbidden conduct under 481.134(d). A culpable mental state is, therefore, required for that element. Without so much as a cursory examination of section 6.02 as requested in Petitioner's brief on appeal, (Pet. Brief on Appeal p. 19), and as if by *ipse dixit*, the Sixth Court says, "Section 481.134 does not set forth a mens rea separate from the mens rea required to prove delivery of a controlled substance." *White*, id., at p. 6. In this holding the Court errs.

Noteworthy, and odd, is that the Health and Safety Code permits the drug-free zone issue to be decided either at the guilt/innocence phase under section 481.134(d), or at the punishment phase under section 481.134(b). *See Hastings v. State,* 20 S.W.3d 786, 790 (Tex. App.—Amarillo 2000) which holds this choice is made by the State at its unfettered discretion. But, *Harris v. State,* 125 S.W.3d 45, 52 (Tex. App.—Austin 2003) disagrees with this premise. The statutes give no direction on which procedure is to be followed, but the consequences from the choice are significant.

If the drug-free zone fact is determined at the punishment phase under 481.134(b), the offense is "punishable" as a higher degree offense. Whereas, under

481.134(d), if the drug-free zone finding is made "at trial" the offense results in an actual conviction for the higher degree offense. Here the drug-free zone issue was submitted at the guilt/innocence phase of "trial" under 481.134(d). Appellant's *conviction* was thus for a third degree felony, and not just punishable as a third degree felony. As a third degree felony conviction it was subject to enhancement under section Texas Penal Code section 12.42(a), and punished as a second degree felony. The choice, therefore, by the State to seek the drug-free zone finding from the jury at guilt/innocence, and then seek the enhancement at punishment, caused his range of punishment to increase from that of a third degree felony to a second degree felony. He was harmed because he was sentenced to fifteen years when his exposure should have been only up to ten.

If the State elects, as it did here, to seek the conviction for the higher offense under 481.134(d) at guilt/innocence then the State, as a matter of fairness, should have to prove a culpable mental state regarding that issue. In holding it does not, the Court of Appeals errs. Having erred in this respect, the Court never addressed the Petitioner's claim that no evidence supported the jury's verdict he delivered the methamphetamine, knowing he was in a drug-free zone.

A significant conflict exists between the Courts of Appeals in Texas on whether under 481.134(d) a drug-free zone finding is an element of a separate offense, and not just a punishment enhancement statute, requiring proof of a culpable mental state regarding that element. This Court should grant review to clarify which Court is correct.

## Argument

*Grounds Two and Three:* In this case the regular jury retired to deliberate guilt or innocence. The trial court admonished the alternate juror to continue to follow the rules previously given, and allowed the alternate to leave the court house. Before the jury reached a verdict it was discovered that one of the regular jurors was disqualified because she was on felony probation. This juror was removed and the alternate was summoned to return to the courthouse. The Petitioner made a timely objection to the seating of the alternate which was overruled. RR. Vol. 4 pp. 57-62. The Court of Appeals held that the Petitioner waived his right to appeal this issue by not requesting that the alternate be sequestered when the regular jury retired to deliberate. *White v. State,* 2015 Tex. App. LEXIS 11973 (Tex. App. Texarkana Nov. 23, 2015) p. 3.

In its published opinion the Court of Appeals holds that is okay for alternate jurors to leave the courthouse before the regular jury reaches a verdict. The Court of Appeals reasons that since the Petitioner did not request that the alternate be sequestered under article 35.23 of the Code of Criminal Procedure he waived his right to appeal this issue. The Court holds that his objection to seating the alternate juror could, therefore, not preserve the issue as error under Article 33.011. *White v. State,* No. 06-15-00078-CR (Tex. App. – Texarkana 2015), p. 2-3.

The Court of Appeals errs in this holding because article 35.23 is not applicable to alternate jurors, apart from its application to the regular jury. Article 33.011 is the statute controlling the trial court's procedures for alternate jurors prior to the regular jury's verdict. None cited by the Court of Appeals support the application of article 35.23 to sequestering alternate jurors.

Under Article 33.011 an alternate juror may replace a regular juror prior to the jury reaching a verdict. As observed by this Court, the statute does not give the trial court guidance on whether the alternate juror is to be present and participate in the jury's deliberations, or should be sequestered from the regular jury until called upon to serve. The presence of the alternate going with the regular jurors into the jury room, but not participating, however, has been disapproved. *See Trinidad v. State,* 312

S.W.3d 23 (Tex. Crim. App. 2010). *Also see Castillo v. State,* 319 S.W.3d 966 (Tex. App. Austin 2010). In *Trinidad*, this Court suggests that the other option is to "sequester" the alternate. This Court never suggested that the alternate should be allowed to leave. Nor has the Court ever suggested that a motion to sequester an alternate under Article 35.23 is required.

Article 33.011 of the Texas Code of Criminal Procedure states that, "An alternate juror who does not replace a regular juror shall be discharged after the jury has rendered a verdict on the guilt or innocence of the defendant." This Court has left the issue open on what a trial court is supposed to do with an alternate juror pending a verdict. This Court should grant review to clarify whether a trial judge should *sua sponte* sequester an alternate juror until a verdict is reached, or the alternate is seated on the jury. This should not be a decision left to the parties after the regular jury retires, as the Court of Appeals holds.

Allowing an alternate juror to leave the courthouse while the regular jury deliberates creates several unnecessary risks that the alternate may become influenced by an outside source. Keeping the alternate juror under the watchful eye and protection of the trial court helps insure the integrity of the jury, and the availability of the juror to serve. Allowing the parties to decide whether an alternate stays or goes is an invitation

to juror disqualification from a plethora of unpredictable sources. This Court has never given guidance to trial judges on what to do with alternate jurors until the regular jury reaches a verdict. Allowing an alternate to leave the courthouse invites potential juror misconduct. The Court of Appeals errs in holding that to preserve the error in seating the alternate the Petitioner had to have moved to sequester the alternate prior to juror leaving the courthouse.

## PRAYER FOR RELIEF

This Court should grant review. After review, the Court should remand the case back to the trial court for a new trial.

## APPENDIX

A copy of the opinion of the Court of Appeals is attached.

RESPECTFULLY SUMITTED,

*steve miears*
_____
**Steven R. Miears**
211 North Main
Bonham, Texas 75418
stevemiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Attorney for Petitioner

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Petition for Discretionary Review was delivered by electronic e-filing to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on December 8, 2015; and to the State Prosecuting Attorney, LISA C. McMINN, P.O. Box 13046, Capitol Station, Austin, Texas 78711 by electronic e-filing, and that a copy was mailed to the Petitioner, William White.

*steve miears*

_____
Steven R. Miears

## CERTIFICATE OF WORD COUNT

Counsel for the Petitioner certifies that the word count of this brief is less than 4,056 words and within the limitations for length of petitions for discretionary review.

*steve miears*
_____
Steven R. Miears

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00078-CR

_____


WILLIAM DEWAYNE WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-14-25152


Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

The jury found that William Dewayne White knowingly delivered less than one gram of methamphetamine in a drug-free zone, a third degree felony.[1] After the trial court found one of the State's enhancement allegations "true," White was sentenced to fifteen years' imprisonment.

On appeal, White argues (1) that the trial court erred in recalling and seating an alternate juror who was allowed to leave the courtroom after the charge was read to the jury, (2) that the statute for the offense is unconstitutional because it fails to require a culpable mental state, and (3) that while the evidence was sufficient to show that he delivered a controlled substance, it was insufficient to support a finding that he delivered the controlled substance while knowingly being in a drug-free zone. We find that White failed to preserve his first two issues for appeal and that the State was not required to prove that White's knowing delivery of methamphetamine occurred while he knew he was in a drug-free zone. Accordingly, we affirm the trial court's judgment.

## I.      Complaint Involving Alternate Juror Is Unpreserved

Following voir dire, which resulted in the seating of an alternate juror, the trial court provided comprehensive instructions to the jury that, among other things, warned them not to discuss the case with others or perform any individual investigation. After closing arguments, the trial court held the alternate juror and retired the remaining jurors to deliberate. The trial court then allowed the alternate juror to leave the courtroom, but reminded him that he was subject to

---

[1]See TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (West 2010); Act of May 13, 2011, 82d Leg., R.S., ch. 170, § 6, 2011 Tex. Gen. Laws 707, 712 (amended 2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.134(d) (West Supp. 2015)).

2

recall and was to "follow all of the rules that [had] been in place." Neither White nor the State objected to the trial court's decision to allow the alternate juror to leave the courtroom.

As the jury was deliberating, the trial court discovered that one of the jurors, Marie Cooper, was on felony community supervision for a theft offense.[2] The trial court decided to release Cooper and recall the alternate juror. White then made the following objection:

> Your Honor, for purposes of the record, we would object. I know [the alternate juror] has been here throughout the whole trial; however, Ms. Cooper has been in and out of the jury room. Who knows what they have already discussed since they have been in deliberations now for a little over 30, 45 minutes. We would object to removal. I think it prejudiced the defendant in this case and we would ask -- first we would object to substituting the jurors, and then we will ask that Ms. Cooper be removed and ask for a mistrial, as well.

On appeal, White argues that the trial court erred in failing to sequester the alternate juror and in allowing him to leave the courtroom.[3] The State argues that White's point of error is not preserved. We agree.

A trial court is permitted to allow the jury to separate after the court's charge is read "unless the court or a party makes a motion to sequester the jury or a party timely objects to a request to separate." *Sanchez v. State*, 906 S.W.2d 176, 178 (Tex. App.—Fort Worth 1995, pet. ref'd & pet. dism'd) (citing *Krueger v. State*, 843 S.W.2d 726, 728 (Tex. App.—Austin 1992, pet. ref'd) (per curiam)); *see* TEX. CODE CRIM. PROC. ANN. art. 35.23 (West 2006). "Therefore, the defendant

---

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 35.16(a)(3) (West 2006).

[3]Article 33.011 of the Texas Code of Criminal Procedure states, "An alternate juror who does not replace a regular juror shall be discharged after the jury has rendered a verdict on the guilt or innocence of the defendant . . . ." TEX. CODE CRIM. PROC. ANN. art. 33.011 (West Supp. 2014). Citing to this Article, White argues that the alternate juror was discharged and then permitted to return. However, it is clear that the alternate juror was specifically informed that he could be recalled and was, in fact, recalled before the jury rendered its verdict. Thus, the alternate juror was never discharged under Article 33.011.

3

must either timely file a motion to sequester or timely object to a request to separate to preserve for appeal a complaint that the trial court deprived the defendant of the right to have the jury sequestered." *Sanchez*, 906 S.W.2d at 178; *see Polk v. State*, 367 S.W.3d 449, 454 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd); *Callen v. State*, 303 S.W.3d 322, 326 (Tex. App.—Eastland 2009, pet. ref'd). A timely objection is one that is made at the earliest possible opportunity or one "'that is made before jury deliberations begin or before the jury asks to separate.'" *Sanchez*, 906 S.W.2d at 178 (quoting *Keiser v. State*, 880 S.W.2d 222, 223 (Tex. App.—Austin 1994, pet. ref'd)). Further, Rule 33.1 of the Texas Rules of Appellate Procedure states,

> As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> > (1)     the complaint was made to the trial court by a timely request, objection, or motion that:
> >
> > > (A)     stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and
> >
> > . . . .
> >
> > (2)     the trial court:
> >
> > > (A)     ruled on the request, objection, or motion, either expressly or implicitly; or
> > >
> > > (B)     refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

Our review of the record demonstrates that White failed to raise any objection when the trial court permitted the alternate juror to leave. Even after the alternate juror's return, White's

4

objection to the trial court was related to the removal of Cooper, not to the trial court's failure to sequester the alternate juror. Thus, we conclude that White raised no timely and specific objection to the trial court's failure to seat a non-sequestered alternate juror. Accordingly, we overrule White's first point of error.

## II. White Failed To Preserve Any Constitutional Challenge to Section 481.134

In his second point of error, White argues that Section 481.134(d) of the Texas Health and Safety Code is facially unconstitutional because it "fail[s] to provide for a culpable mental state for the drug free zone finding." This issue is not preserved.

The Texas Court of Criminal Appeals has held "that a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).[4] In his appellate brief, White admits that he raised no complaint at trial relating to the constitutionality of Section 481.134(d). Accordingly, White has failed to preserve his complaint for our review. *See id.*; *Ibenyenwa*, 367 S.W.3d at 422; *Williams v. State*, 305 S.W.3d 886, 893 (Tex. App.—Texarkana 2010, no pet.); *Sony v. State*, 307 S.W.3d 348, 353 (Tex. App.—San Antonio 2009, no pet.); *see also Fluellen v. State*, 104 S.W.3d 152, 167–68 (Tex. App.—Texarkana 2003, no pet.). We overrule White's second point of error.

---

[4]White acknowledges the holding in *Karenev*, but contends that it "should not be the law. . . [because it] was a plurality opinion." "Although the four-judge concurrence in *Karenev* held that the requirement that a facial challenge to a statute be preserved is not absolute, the five-judge majority plainly stated that . . . 'a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute.'" *Ibenyenwa v. State*, 367 S.W.3d 420, 422 (Tex. App.—Fort Worth 2012, pet. ref'd) (quoting *Karenev*, 281 S.W.3d at 434). "We are bound to follow the majority opinion in the absence of language adopting the concurrence." *Id.*

**III.    The State Was Not Required To Prove that White Was Knowingly in a Drug-Free Zone**

During trial, the jury heard evidence that White sold 0.24 grams of methamphetamine to a confidential informant.  The drug transaction was captured on an audio/video recording and was played for the jury.  The jury also heard testimony that the transaction took place within 1,000 feet of the Family Life Center, a drug-free zone.  White does not argue that the evidence is insufficient to establish that he knowingly delivered methamphetamine.  Instead, he argues that the State failed to prove that White was knowingly in a drug-free zone at the time of the transaction.

Section 481.134(d) of the Texas Health and Safety Code raises the level of offense for delivery of a controlled substance "if it is shown on the trial of the offense that the offense was committed:  (1) . . . within 1,000 feet of any real property that is . . . the premises of a public or private youth center . . . ."  TEX. HEALTH & SAFETY CODE ANN. § 481.134(d); *see Harris v. State*, 125 S.W.3d 45, 51 (Tex. App.—Austin 2003, pet. ref'd, untimely filed).  Section 481.134 does not set forth a mens rea separate from the mens rea required to prove delivery of a controlled substance.  Thus, "a good deal of authority holds that . . . the State need not prove a culpable mental state with respect to the location of the offense."  *Bridges v. State*, 454 S.W.3d 87, 88 (Tex. App.—Amarillo 2014, pet. ref'd) (citing *Uribe v. State*, 573 S.W.2d 819, 821 (Tex. Crim. App. [Panel Op.] 1978)); *see Williams v. State*, 127 S.W.3d 442, 445 (Tex. App.—Dallas 2004, pet. ref'd).  Because the State was not required to prove that White's knowing delivery of a controlled substance occurred while he was knowingly within a drug-free zone, we overrule White's final point of error.

6

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     November 20, 2015
Date Decided:       November 23, 2015

Publish

7